STATE of Missouri, Respondent,

v.

Michael G. CRAIG, Appellant.

No. SC 89867.

Supreme Court of Missouri,
En Banc.

June 30, 2009.

Rehearing Denied Aug. 4, 2009.

Bruce B. Brown, Brown & Brown Attorneys, L.L.C., Kearney, MO, for Appellant.

Chris Koster, Atty. Gen., James B. Farnsworth, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

ZEL M. FISCHER, Judge.

Michael G. Craig was charged with the class C felony of driving while intoxicated, § 577.010, RSMo 2000. The court, the State, and Craig agreed to bifurcate the proceeding because Craig desired to plead guilty to driving while intoxicated, but he wanted to litigate whether his sentence was subject to enhancement, under § 577.023, RSMo Supp.2005, because of previous intoxication-related traffic offenses. Craig pleaded guilty and, then, after the hearing regarding the prior intoxication-related traffic offenses, the court found that Craig was an aggravated offender, enhanced his offense to a class C felony and sentenced him to five years imprisonment.

Craig appeals the plea court's determination that he is an aggravated offender. This Court determines: (1) Craig has the right of direct appeal to challenge the plea court's findings whether he is an aggravated offender; and (2) the plea court erred in concluding that Craig was an aggravated offender because there was only sufficient evidence presented to prove beyond a reasonable doubt two prior intoxication-related traffic offenses. The judgment is vacated, and the case is remanded to sentence Craig as a persistent offender, which is a class D felony.

### Facts

On February 16, 2007, Craig appeared in Clay County circuit court charged with one count of driving while intoxicated. Craig was willing to plead guilty to driving while intoxicated, but disputed the State's contention that he was an aggravated offender and guilty of a class C felony.

The court, the State, and Craig discussed what procedural course to take. All agreed to a bifurcated proceeding in which the court would accept Craig's guilty plea and then hold a hearing about the issue of whether his sentence was subject to enhancement:

[The Court]: We have a case in which the defendant is charged with Driving While Intoxicated, and, oversimplifying, if he was charged with a Class B Misdemeanor, as I understand it, he'd just be pleading guilty and hoping for the best.

The contest in the case is whether the offense of Driving While Intoxicated can be a Class C Felony in this case ... [w]hether the offenses pleaded by the State in the charging instrument meet the requirements to be able to validly serve as a basis for increasing punishment.

I've never had a case where someone pled guilty to part and had a trial as to the rest, but as I understand how we approach this, the defendant wants to protect his legal issues and does not want to trouble a judge or a jury with a contested hearing [on the underlying offense].

Am I coming pretty close?

[Defense Counsel]: That's correct, Judge, I believe.

\* \* \*

[The Court]: I would like to explore whether I could bring the defendant up to the bench and, through the examination of him, learn that he is willing to plead guilty to operating a motor vehicle while under the influence of alcohol, but he does not plead guilty to that offense at any other level other than Class B misdemeanor, and he knows that the State wants to introduce evidence that, if deemed to be admissible and evidence that meets all the requirements of 577.023 as well as the—do we have constitutional issues?

[Defense Counsel]: I think the constitutional issues, I think are raised within the parameters of the way the rule's set up because when you do take a plea of guilty, you advise them of the constitutional rights, and that's the basis, the main basis of what we have going on here. It wasn't done in the priors.

[The Court]: Why don't we start down the road and see if people stay comfortable, and if we can't get to the end of the road with everybody being comfortable that rights are being protected there will be a three-way veto power. If I'm uncomfortable with it, I can do it; if the defendant's uncomfortable with it, he can do it; if the State is uncomfortable, the State can say, we'd rather have a full bench trial.

Anybody can say, we should have started with a full bench trial, and it's not too late to turn around and go back. No jeopardy will have attached in an attempted guilty plea proceeding. I quit in the middle of guilty plea proceedings with more frequency than—well, I'm not a stranger to having to stop in the middle of a guilty plea proceeding.

[Defense Counsel]: Judge, are you suggesting that we take the plea as a B misdemeanor—

[The Court]: I'm suggesting we take the plea as a plea to operating a motor vehicle while under the influence of alcohol, known to be an offense.

[Defense Counsel]: Right.

[The Court]: But with everybody knowing that the defendant claims that he is guilty of nothing more than a Class B Misdemeanor.

[Defense Counsel]: Okay.

[The Court]: And the State making him well aware that they think he's guilty of a Class C. They're going to be introducing evidence to prove it and, depending on how I rule, he's going to be found guilty of no less than a Class B Misdemeanor—

[Defense Counsel]: Correct.

[The Court]:—and if that's the result, he's not going to have any appellate rights if he gets a sentence within the range of punishment allowed by law for a Class B Misdemeanor.

[Defense Counsel]: Right.

[The Court]: But if he is found guilty of a Class A Misdemeanor, a Class D Felony, or a Class C Felony, he has appellate rights because of whatever the record is that we make on the evidence. You all will have given me the benefit of a motion and briefing.

I haven't heard oral argument on anything yet, haven't received any evidence

yet, but I understand it is the defendant's position that the evidence that you expect to be presented, evidence that you have seen through discovery, is not going to meet the requirements of 577.023.

I think that states your position, but I'd sure listen to you expanding on that. I'm not reading from a script.

[Defense Counsel]: Right.

[The Court]: Do you at least want to try it and see how we do?

[The State]: That's fine with me.

[Defense Counsel]: That's fine.

The court then elicited admissions from Craig to establish a factual basis for the class B misdemeanor of driving while intoxicated and heard evidence from the State and Craig about the issue of whether Craig's offense could be enhanced due to three alleged prior intoxication-related driving offenses.

On March 29, 2007, the court found that Craig was an aggravated offender and guilty of a class C felony. This was based on the trial court's determination that Craig had pleaded guilty to or been found guilty of three prior intoxication-related traffic offenses. The court sentenced Craig to five years imprisonment.

I. **Craig has the right of direct appeal to challenge the court's findings of fact regarding his prior alcohol related offenses**

The State challenges Craig's right to appeal. No right of an appeal exists without statutory authority. *State v. Williams*, 871 S.W.2d 450, 452 (Mo. banc 1994). In criminal cases, § 547.070, RSMo 2000, allows appeals from final judgments, which occur when the court enters a judgment of guilt and sentence. *State v. Larson*, 79 S.W.3d 891, 893 (Mo. banc 2002). The plain language of the statute supports Craig's right to appeal.

Nevertheless, the State argues that Rule 24.035 precludes Craig's appeal. A motion for postconviction relief is generally the exclusive procedural vehicle to challenge a conviction after a guilty plea. Rule 24.035(a). The generally recognized exceptions to Rule 24.035, as the exclusive procedure to challenge a conviction after guilty plea, are: (1) claims disputing the subject-matter jurisdiction of the lower court; and (2) claims regarding the sufficiency of the charging document. *State ex rel. Simmons v. White*, 866 S.W.2d 443, 446 n. 4 (Mo. banc 1993) (citing *State v. Mitchell*, 563 S.W.2d 18, 23 (Mo. banc 1978), and *State v. Douglas*, 835 S.W.2d 383, 384 (Mo.App.1992)).

Rule 24.035 does not preclude Craig's appeal. Rule 24.035 is based on the principle of waiver; a guilty plea serves as a waiver of any challenge to the merits of the underlying conviction. *Robinson v. State*, 491 S.W.2d 314, 315 (Mo. 1973) (citing *Geren v. State*, 473 S.W.2d 704, 707 (Mo.1971)). This principle of waiver is especially true and binding against a defendant whose plea is accepted because of the colloquy of questions plea courts undertake to ensure that the defendant is guilty of the crime and is knowingly and voluntarily waiving his right to trial. Rule 24.02.[1]

---

1. Rule 24.02(b) requires the court, before accepting a plea of guilty, to personally address, inform the defendant of and determine that the defendant understands, the following:

   1. The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and

   2. If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of

In this case, however, Craig did not plead guilty to the charged offense. He admitted to facts establishing certain elements of the offense, but specially requested a hearing to contest those facts establishing the applicability of the prior intoxication-related traffic offenses. Under § 577.023, Craig permissibly bifurcated the proceedings and litigated whether his sentence was subject to enhancement. This procedure in no way constituted a waiver of Craig's statutory right to appeal under § 547.070 that part of the judgment that was subject to a contested hearing. He has preserved this issue for appeal.

## II. The court erred in finding that Craig was an aggravated offender

### a. To enhance a penalty under § 577.023, the State is not obligated to affirmatively prove strict compliance with Rules 24.02 (state prosecutions) and 37.58 (municipal prosecutions)

The State offered three exhibits into evidence to support the State's position that Craig's sentence should be enhanced. The circuit court found these exhibits established three prior intoxication-related traffic offenses beyond a reasonable doubt and enhanced Craig's sentence from a class B misdemeanor to a class C felony.

To start, Craig alleges that all three exhibits are deficient and cannot be used to enhance his sentence because the exhibits do not show unequivocally that his prior guilty pleas were accepted in accordance with Rules 24.02 (state prosecutions) and 37.58 (municipal prosecutions). In other words, Craig contends that these exhibits cannot be used to enhance his sentence because the exhibits do not prove that his previous guilty pleas were given in a knowing and voluntary manner, as required by *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

The issue here is not whether Craig's previous guilty pleas were knowing and voluntary, but whether the State, in a subsequent prosecution, long after the prior judgments were entered, must affirmatively prove, time and again, that prior courts did not err in accepting pleas. This is a question of law, reviewed *de novo*. *State v. Perry*, 275 S.W.3d 237, 241–42 (Mo. banc 2009).

This Court, in *State v. Quinn*, 594 S.W.2d 599 (Mo. banc 1980), addressed a similar issue. The issue in Quinn was whether a defendant's prior convictions could properly be used to enhance his sentence under the second offender act. *Id.* at 602. The defendant challenged the use of the convictions, his prior guilty pleas, alleging they could not be used to enhance his sentence because the exhibits used as proof did not show that the defendant had "waived his right to trial by jury and all the constitutional rights connected therewith or that the plea had a factual basis." *Id.* This Court rejected the defendant's arguments on two grounds. First, the Court found that, on its face, an exhibit that shows a conviction was sufficient to apply the second offender act. *Id.* Second,

the proceedings against defendant and, if necessary, one will be appointed to represent defendant; and

3. That defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against defendant, and the right not to be compelled to incriminate himself or herself; and

4. That if defendant pleads guilty there will not be a further trial of any kind, so that by pleading guilty defendant waives the right to a trial.

Rule 24.02(c) requires the court to determine that a defendant's plea is voluntary and not the result of force, threats or promises apart from a plea agreement.

the Court held that *State v. Goff*, 449 S.W.2d 591, 593 (Mo. banc 1970), barred the defendant's collateral attack on his previous convictions because of his failure to take timely advantage of any remedy to set aside a judgment "for invalidities not apparent on the face of the judgment." *Id.*

The court of appeals reached this same issue in *Dover v. State*, 725 S.W.2d 915 (Mo.App.1987). In *Dover*, the defendant's complaint, analogous to Craig's, was that, "because the record thereof failed to show that the judge who accepted movant's plea of guilty went through each of the steps required by Rule 24.02(b)-(d) ... said conviction 'could not have been used to enhance [movant's] punishment.'" *Id.* at 918. *Dover* explicitly rejects this contention, holding that evidence of a plea court's compliance with the "multifarious requirements of Rule 24.02" did not need to appear in the record to permit a subsequent court from using those pleas for enhancement purposes. *Id.*

The rationale in *Dover* is clear: If the State was required to establish that a previous guilty plea was in compliance with Rule 24.02 or Rule 37.58, that practice "would, for all practical purposes, bar the use of any plea of guilty to an intoxication-related traffic misdemeanor for the purpose of establishing, in a subsequent prosecution, that an accused is a persistent intoxication-related traffic offender." *Id.*

■ This Court adopts the rationale of *Quinn* and *Dover*; the State, to enhance a sentence under § 577.023, is not obligated to affirmatively prove that a defendant's prior guilty plea was entered in accord with Rules 24.02 (state prosecutions) and 37.58 (municipal prosecutions). As noted, such a requirement would, in most cases, preclude the State from proving that a defendant is a prior, persistent, or aggra-

vated offender, which clearly is not what the legislature intended.

This approach, as suggested by Craig, does not abrogate a defendant's constitutional right to enter a knowing and voluntary guilty plea. Craig cites *Boykin*, 395 U.S. at 238, 89 S.Ct. 1709; *State v. Shafer*, 969 S.W.2d 719 (Mo. banc 1998); *State v. Taylor*, 929 S.W.2d 209 (Mo. banc 1996); and *State v. Thomas*, 96 S.W.3d 834 (Mo. App.2002), for the proposition that the Constitution requires a guilty plea be entered in a knowing and voluntary manner. There is no doubt that this is a correct statement of law. The case at bar is distinguishable because the issue here is not the validity of the guilty plea, but rather whether the State must prove, time and again, that a previous plea was valid. Such a requirement would amount to an impermissible and constant collateral attack on presumptively valid judgments. If Craig believed his prior pleas did not pass constitutional muster, the proper forum to address those insufficiencies, as noted in *Quinn*, would have been a timely direct attack on the allegedly deficient plea itself.

**b. The State proved only two prior intoxication-related traffic offenses**

■ It is the State's burden to prove prior intoxication-related traffic offenses beyond a reasonable doubt. Section 577.023.7(2). "The standard of review in a court-tried case is the same as in a jury-tried case." *State v. McKinney*, 253 S.W.3d 110, 113 (Mo.App.2008). "In determining whether there is sufficient evidence to support the conviction, this court accepts as true all evidence tending to prove guilt together with all reasonable inferences that support the finding." *Id.*

■ As previously noted, a judgment that, on its face, shows a guilty plea or a finding of guilt of an intoxication-related traffic offense can be treated as a prior

conviction for purposes of enhancement under § 577.023. *Quinn,* 594 S.W.2d at 602.

The first exhibit shows beyond a reasonable doubt an intoxication-related traffic offense. This exhibit is a certified judgment that demonstrates that, on or about March 6, 2002, in the circuit court of Clay County, Smithville municipal division, Craig pleaded guilty to driving while intoxicated. This is a valid judgment on its face and contains specific language that "Defendant is found guilty upon the plea of guilty to the charge of DWI."

The second exhibit also shows beyond a reasonable doubt an intoxication-related traffic offense. This exhibit is a certified judgment that demonstrates that, on or about September 15, 1999, in Clay County circuit court, Craig pleaded guilty to driving with excessive blood alcohol content. This is a valid judgment on its face and contains specific language that "Defendant enters plea of guilty to reduced charge of Oper. M/V with BAC of .10 or more."

The third exhibit does not demonstrate beyond a reasonable doubt that an intoxication-related traffic offense occurred. The exhibit is a certified judgment but is not a valid judgment on its face. Allegedly, this exhibit shows that on January 30, 1992, in Clay County circuit court, Craig pleaded guilty to driving while intoxicated, received a suspended imposition of sentence, and in 1994 completed probation. This document, however, is facially deficient and cannot be used as the sole evidence to enhance Craig's conviction. Notably, the exhibit (judgment form) is blank in the space to mark whether Craig pleaded not guilty or guilty and blank in the space to mark whether Craig was found not guilty or guilty. The clear and unambiguous language of § 577.023, dealing with the use of a suspended imposition of sentence to be treated as a conviction and used to enhance punishment, requires a plea of guilty or a finding of guilt followed by a suspended imposition of sentence. The State's exhibit does not indicate a finding of guilt or plea of guilty as required by the plain language of this statute.

Accordingly, the State proved only two prior intoxication-related traffic offenses beyond any reasonable doubt and Craig's sentence was subject to enhancement as a persistent offender. Section 577.023.1(4)(a) (A persistent offender is "[a] person who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses . . ."). A persistent offender is sentenced as a class D felon to a maximum of four years imprisonment. Sections 577.023.3 and 558.011, RSMo Supp.2008.

### Conclusion

The judgment is vacated, and this case is remanded to resentence Craig as a persistent offender.

All concur.