**STATE of Missouri, Respondent,**

v.

**Faron Ross COLLINS, Appellant.**

**No. SC 90839.**

Supreme Court of Missouri,
En Banc.

Jan. 11, 2011.

Craig A. Johnston, Public Defender's Office, Columbia, for Collins.

James B. Farnsworth, Attorney General's Office, Jefferson City, for The State.

**PER CURIAM.**

Faron Ross Collins appeals his conviction for driving while intoxicated (DWI), section 577.010,[1] following a bench trial in the Circuit Court of Douglas County. Mr. Collins was sentenced as a chronic DWI offender under section 577.023.1(2) to a five-year prison sentence, concurrent with a one-year sentence for driving while suspended (DWS). The state concedes that the trial court erred in finding that Mr. Collins was a chronic DWI offender because the state's evidence was silent about whether Mr. Collins had been represented by counsel or waived counsel in the cases in which he previously was convicted. The sole issue on appeal is the appropriate remedy for this error. Under section 577.023.9, because the state did not prove any prior convictions or pleas of guilty, the appropriate remedy is vacation of Mr. Collins's sentence and remand for re-sentencing on the class B misdemeanor of DWI.

**Factual and Procedural Background**

Mr. Collins does not challenge the sufficiency of the evidence to prove that he was guilty of DWI. Rather, he challenges the

---

1. The version of the statute effective on the date of the DWI offense is the applicable statute. *State v. Coomer*, 888 S.W.2d 356, 358–60 (Mo.App.1994). In this case, Mr. Collins was arrested on September 3, 2006. Therefore, all statutory citations are to RSMo Supp.2006. All of the applicable statutes subsequently have been amended.

sufficiency of the evidence offered to prove that he is a chronic DWI offender, as defined in section 577.023.1(2). Therefore, only the facts dispositive to the issue on appeal will be discussed.

In the light most favorable to the judgment, the evidence shows that on September 3, 2006, Mr. Collins was arrested for DWI. He was charged subsequently with one count of DWI as a chronic offender, under sections 577.010 and 577.023, and one count of DWS, under section 302.321. Mr. Collins pleaded guilty to DWS and, after a September 25, 2008 bench trial, he was found guilty of DWI.

During the state's presentation of evidence at trial, it offered a certified copy of Mr. Collins's driving record as evidence of his prior convictions to prove that Mr. Collins was a chronic DWI offender under section 577.023.1(2)(a). The exhibit reflected eight prior convictions for DWI or driving with excessive blood-alcohol content. The exhibit did not specify if Mr. Collins was represented by counsel or waived counsel during any of the proceedings in which he was convicted. Mr. Collins did not object to the exhibit or argue to the trial court that the evidence was insufficient to prove that he was a chronic offender.

After hearing the evidence and Mr. Collins's argument that the state failed to prove beyond a reasonable doubt that he was driving in an intoxicated condition, the trial court found that Mr. Collins was guilty of DWI and that he was a chronic

offender. On December 2, 2008, the trial court sentenced him to five years in prison, which was the minimum sentence for a class B felony.[2] The trial court also sentenced Mr. Collins to one year in the county jail for the DWS, to run concurrently with the five-year sentence for DWI.

Mr. Collins appealed. After opinion by the court of appeals, this Court granted transfer.[3] Mo. Const. art. V, sec. 10.

## Standard of Review

 Because Mr. Collins failed to object to the trial court's finding that he was a chronic driving-while-intoxicated offender, his claim of error was not preserved. A claim that a defendant failed to preserve can be reviewed only for plain error. *State v. Severe*, 307 S.W.3d 640, 642 (Mo. banc 2010). Rule 30.20 allows an appellate court to conduct plain error review "when the court finds that manifest injustice or miscarriage of justice has resulted" from the trial court error. When a defendant is sentenced to a term of punishment greater than the maximum sentence for the offense, the sentencing error constitutes a manifest injustice warranting plain error review. *Severe*, 307 S.W.3d at 642.

## Analysis

At the time of Mr. Collins's conviction, section 577.023 required the state to prove that Mr. Collins was represented or waived representation during the proceedings for his prior convictions to find Mr. Collins was a chronic offender. That ver-

---

2. Section 577.010.2 provides that "[d]riving while intoxicated is for the first offense a class B misdemeanor." However, any person found guilty of a violation of section 577.010 "who is alleged and proved to be a chronic offender shall be guilty of a class B felony." Section 577.023.5.

3. Mr. Collins's case has reached this Court twice on transfer. After his trial, Mr. Collins

timely filed notice of appeal. The court of appeals heard his case and rendered its first decision December 22, 2009. On March 2, 2010, this Court granted transfer and then retransferred the case for reconsideration in light of *State v. Severe*, 307 S.W.3d 640 (Mo. banc 2010). After the court of appeals entered its second decision March 29, 2010, this Court again granted transfer.

sion of section 577.023.1(2)(a) defines a chronic offender as "a person who has pleaded guilty to or has been found guilty of four or more intoxication-related traffic offenses[.]" It also provides that an "intoxicated-related traffic offense" includes "driving while intoxicated ... or driving under the influence of alcohol or drugs in violation of state law or a county or municipal ordinance, where the defendant was represented by or waived the right to an attorney in writing." Section 577.023.1(3). Under the statute, for a defendant to be convicted as a chronic offender, (1) the information or indictment must plead all essential facts warranting such a finding, section 577.023.7(1); (2) evidence must establish "sufficient facts pleaded" to warrant a finding beyond a reasonable doubt that the defendant is a chronic offender, section 577.023.7(2); (3) the court must make findings of fact that warrant such a finding beyond a reasonable doubt, section 577.023.7(3); and, (4) in a court-tried case, the presentation of evidence and court findings must be done prior to sentencing. Section 577.023.9.

The state concedes there was no evidence at trial that Mr. Collins was represented by or waived the right to an attorney for his prior intoxication-related traffic offenses, so the state failed to prove facts essential to a finding that Mr. Collins was a chronic offender.[4] The trial court erred, therefore, in finding Mr. Collins to be a chronic offender under section 577.023 and in enhancing his offense from a class B misdemeanor to a class B felony.

Mr. Collins argues that the proper remedy for the trial court's error is remand for sentencing on the offense of class B misdemeanor of DWI because that was the offense the state proved during the trial. The state argues that, on remand to the trial court, it should be permitted to present additional evidence to prove that Mr. Collins is a chronic offender under section 577.023. The Court consistently has rejected this argument in the context of section 558.021, which contains virtually identical language to section 577.023.[5]

---

4. Mr. Collins raises two other claims on appeal. First, he claims that the information inadequately pleaded "all essential facts" and, second, he claims that the state failed to prove that he had "pleaded guilty to or had been found guilty of" four prior DWI or BAC offenses. Regarding the alleged information insufficiency, when a defendant objects to the sufficiency of the charging document *only after* he already has been convicted, the charging document "will be deemed insufficient only if it is so defective that (1) it does not by any reasonable construction charge the offense of which the defendant was convicted, or (2) the substantial rights of the defendant to prepare a defense and plead former jeopardy in the event of acquittal are prejudiced." *State v. Briscoe*, 847 S.W.2d 792, 794 (Mo. banc 1993). The defendant also must establish actual prejudice. *Id.* The information clearly states that the state was charging Mr. Collins as a chronic DWI offender, and it listed the prior convictions on which the state planned to rely on to prove the chronic offender status. Mr. Collins did not allege that his defense was prejudiced by any alleged deficiency in the information. Therefore, this claim is without merit.

Regarding the claim that the state failed to prove that he had "pleaded guilty to or had been found guilty of" four prior DWI or BAC offenses, Mr. Collins does not recognize that a guilty plea or a finding of guilt is a prerequisite to a conviction. *See State v. Frey*, 459 S.W.2d 359, 361 (Mo.1970). Mr. Collins's driving record, which plainly listed eight prior convictions, establishes that Mr. Collins pleaded guilty to or was found guilty to those offenses. This claim is also without merit.

5. Section 558.021.2 states:
 In a jury trial, the facts shall be pleaded, established and found prior to submission to the jury outside of its hearing, except the facts required by subdivision (1) of subsection 4 of section 558.016 may be established and found at a later time, but prior to sentencing, and may be established by judicial notice of prior testimony before the jury.

*State v. Emery*, 95 S.W.3d 98, 101–02 (Mo. banc 2003); *State v. Teer*, 275 S.W.3d 258, 262 (Mo. banc 2009); *Severe*, 307 S.W.3d at 644–45.

In *Emery*, the Court held that allowing the state to present evidence of a defendant's prior and persistent offender status on remand would violate the timing requirement of section 558.021.2. 95 S.W.3d at 101. The prosecutor in *Emery*, like in this case, did not even attempt to do what the statute required by adducing evidence that the defendant was represented or waived representation for his intoxication-related driving offenses. The Court cited *State v. Cullen*, 39 S.W.3d 899 (Mo.App. 2001), which held that to permit additional evidence of prior driving-while-intoxicated offenses on remand would reward prosecutorial laxity with another opportunity to make a case. *See id.* at 101–02.

Reemphasizing the timing requirement, in *Teer*, this Court held that the timing requirement found in the plain language of section 558.021.2 creates a mandate requiring the state to plead and prove the status prior to submission of the case to the jury. 275 S.W.3d at 261–62. Most recently, in *Severe*, this Court held that allowing the state to present new evidence of the defen-

dant's prior convictions would give the state "two bites of the apple" and that, under the timing requirement of the statute, the state is foreclosed from offering any additional evidence at re-sentencing. 307 S.W.3d at 644–45.

■ The state recognizes these cases but asserts that they are not controlling because the prior holdings were made in jury trials. The state argues that the timing requirement that is mandated by the statute and those cases does not apply to court-tried cases. The state argues that the "two fundamentally different timing requirements [of jury-tried and court-tried cases] should not be interpreted identically."[6]

For guidance as to whether the rule of *Emery*, *Teer*, and *Severe* that the statutory timing requirement for the presentation of evidence precludes evidence on remand applies equally to court-tried cases, *State v. Craig* is instructive. 287 S.W.3d 676 (Mo. banc 2009). In *Craig*, this Court vacated the defendant's sentence as an aggravated driving-while-intoxicated offender after the state failed to prove beyond a reasonable doubt that the defendant had three intoxication-related driving offenses. *Id.* at 682.

Section 577.023.6 states: "In a jury trial, the facts shall be pleaded, established and found prior to submission to the jury outside of its hearing."
Section 558.021.3 states:
 In a trial without a jury or upon a plea of guilty, the court may defer the proof and findings of such facts to a later time, but prior to sentencing. The facts required by subdivision (1) of subsection 4 of section 558.016 may be established by judicial notice of prior testimony or the plea of guilty.
Section 577.023.9 states: "In a trial without a jury or upon a plea of guilty, the court may defer the proof in findings of such facts to a later time, but prior to sentencing."

**6.** The state also relies on the premise that once a sentence is vacated, the sentence is to be regarded as though it never existed. *Cal-*

*vin v. Mo. Dep't of Corr.*, 277 S.W.3d 282, 288 (Mo.App.2009). The state argues that, under this concept, allowing the state to present additional evidence at re-sentencing comports with the plain language of section 577.023.9 because such presentation of evidence is still "prior to sentencing." This argument simply does not comport with the plain language of the statute, which makes no mention of a vacated sentence. Adopting this argument would require this Court to add language to the statute. "This Court may not engraft upon the statute provisions which do not appear in explicit words or by implication from othe[r] words in the statute." *Metro Auto Auction v. Dir. of Revenue*, 707 S.W.2d 397, 402 (Mo. banc 1986) (internal citation omitted).

Like in the jury-tried cases, the Court in *Craig*, a court-tried case, imposed the remedy of vacating the judgment and remanding for re-sentencing of the defendant as a persistent offender, what the state had proved beyond a reasonable doubt in the trial. *Id.* Precedent persuades that, on remand, the state does not receive a second opportunity to prove its case.

## Conclusion

The state failed to adduce, prior to sentencing, the necessary evidence to prove that Mr. Collins is a chronic DWI offender. Therefore, the trial court erroneously found Mr. Collins guilty of the class B felony of DWI and sentenced him to a term of imprisonment authorized for that offense. Mr. Collins's sentence is vacated. On remand, he is to be re-sentenced for the class B misdemeanor offense of DWI. The maximum term of imprisonment for a class B misdemeanor is "not to exceed six months." Section 558.011.1. Because Mr. Collins already has served a term of imprisonment in excess of the maximum time of incarceration authorized for a class B misdemeanor, he is ordered released from his sentence on this DWI offense and, if otherwise eligible for release, he be released on his own recognizance pending re-sentencing.[7]

All concur.

---

7. Even if on re-sentencing the trial court chooses to run his DWS and DWI sentences consecutively, Mr. Collins still has served more than the maximum time of incarceration allowed under the statute.