**STATE of Missouri, Respondent,**

v.

**Mark A. MITCHELL, Appellant.**

**No. SD 31511.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 18, 2012.

Thomas D. Carver, Springfield, MO, for Appellant.

Chris Koster & Richard A. Starnes, for Respondent.

DANIEL E. SCOTT, Judge.

Mark Mitchell, who was convicted of DWI in a bench-tried case, takes issue with docket sheets used to prove his "chronic offender" status; *i.e.*, that he had pleaded guilty to or had been found guilty of at least four intoxication-related traffic offenses. *See* § 577.023.1(2)(a), RSMo Supp.2009.

We need not reach Mitchell's rather technical docket sheet complaints. His driving record, which was admitted without objection, plainly listed four DWI convictions and thus established that he pleaded guilty to or was found guilty of those offenses. *State v. Collins*, 328 S.W.3d 705, 708 n. 4 (Mo. banc 2011).

### Background

Mitchell does not challenge the sufficiency of proof that he was guilty of DWI. Our sole focus is the chronic offender issue, on

which the state offered five exhibits at trial:

- Exhibit 1—A certified copy of Mitchell's Department of Revenue (DOR) driver record which listed, *inter alia,* four Missouri DWI convictions with supporting documents attached:
- 2006–Christian County (12 points);
- 2003–Greene County (12 points);
- 1999–Greene County (12 points);
- 1992–Greene County (12 points).
- Exhibit 2—Certified copies of Christian County court documents relating to Mitchell's 2006 DWI conviction.
- Exhibits 3, 4, and 5—Certified copies of Greene County docket sheets (only) relating to Mitchell's 1992, 1999, and 2003 DWI convictions.

Exhibits 1 and 2 were admitted without objection. Objections to the Greene County docket sheets, Exhibits 3–5, were overruled. Mitchell offered no evidence, was found guilty of DWI as a chronic offender, and was sentenced accordingly.

## Analysis

Mitchell now agrees that all five exhibits were admissible. Citing the Greene County docket sheets in isolation, however, he argues that "there is not enough information on Exhibits 3, 4, and 5 such that a reasonable person would find beyond a reasonable doubt that these documents refer to the same defendant."

 Be that as it may, the trial court was not constrained to consider these particular docket sheets exclusively, or to view them in a vacuum, or to ignore other relevant evidence. DOR's driver record, listing Mitchell's four DWI convictions and admitted without objection, alone supports

chronic offender status. Our supreme court flatly rejected a complaint like Mitchell's in *Collins:*

> Regarding the claim that the state failed to prove that he had "pleaded guilty to or had been found guilty of" four prior DWI or BAC offenses, Mr. Collins does not recognize that a guilty plea or a finding of guilt is a prerequisite to a conviction. *Mr. Collins's driving record, which plainly listed eight prior convictions, establishes that Mr. Collins pleaded guilty to or was found guilty to* [sic] *those offenses.*

328 S.W.3d at 708 n. 4 (citation omitted; emphasis added). *See also State v. Lemons,* 351 S.W.3d 27, 31 (Mo.App.2011) ("Our supreme court recently found that a driving record that 'plainly listed [ . . . ] prior convictions' established the defendant pleaded guilty to or was found guilty of those offenses," citing *Collins* ).[1]

This does not mean driving records are conclusive, irrefutable, or adequate in all cases. Yet here, Exhibit 1 proved *prima facie* chronic offender status per *Collins,* defeating Mitchell's claim that such evidence was lacking and mooting his complaint about essentially cumulative proof. We affirm the judgment and conviction.

ROBERT S. BARNEY and WILLIAM W. FRANCIS, JR., Concur.

---

1. Our legislature now has codified this principle by adding DOR's "certified driving record" to § 577.023.16's non-exclusive list of ways to show prior convictions, pleas of guilty, or findings of guilt in intoxication-related traffic cases. *See* H.B. 1695 *et al.,* 95th Gen. Assem., 2d Reg. Sess., 2010 Mo. Laws 49, 59.