

# Missouri Court of Appeals

## Southern District

### Division Two

STATE OF MISSOURI,                    )
                                      )
    Plaintiff-Respondent,         )
                                      )
vs.                                   )          No. SD32918
                                      )
WILLIAM ALBERT RATTLES,               )          **Filed:  October 1, 2014**
                                      )
    Defendant-Appellant.          )


APPEAL FROM THE CIRCUIT COURT OF LAWRENCE COUNTY

Honorable Jack A. Goodman, Circuit Judge


**AFFIRMED**

William Albert Rattles ("Defendant") appeals from his convictions for driving while intoxicated and driving while revoked.  *See* §§ 302.321, 577.010.[1] He argues the trial court erred in finding he was an aggravated offender under Section 577.023.  This argument is without merit, and Defendant's convictions are affirmed.

### Factual and Procedural Background

Between 6:00 and 6:30 p.m. on September 28, 2011, Missouri State Highway Patrol Trooper Robert Creasey ("Trooper Creasey") responded to a one-vehicle accident on Farm Road 2110 in Lawrence County.  While Trooper Creasey

---

[1] Unless otherwise indicated, all statutory references are to RSMo Cum. Supp. (2011).

and the driver of the car involved in the accident were waiting for a tow truck to arrive, Defendant drove up to the scene on a motorcycle and began talking with the driver of the wrecked car. Defendant was not wearing a helmet, so Trooper Creasey approached him. Trooper Creasey asked Defendant about his missing helmet, and Defendant said the helmet blew off while he was driving 70 miles per hour.

During this conversation, Trooper Creasey noticed Defendant smelled of alcohol and appeared intoxicated. Defendant's "eyes were watery and bloodshot[.]" Defendant had trouble balancing and "[h]is speech was slurred." Defendant admitted to Trooper Creasey he had drunk four beers, smoked marijuana, and taken some valium. Defendant displayed six out of six indicators of intoxication on the horizontal gaze nystagmus test. Trooper Creasey decided not to administer any other standard field sobriety tests because he did not believe Defendant "would be able to perform them without possibly falling and injuring himself." Trooper Creasey arrested Defendant for driving while intoxicated.

Trooper Creasey then transported Defendant to the Lawrence County Jail. He advised Defendant of the implied consent law and requested that Defendant submit to a breathalyzer test. Defendant refused to consent to a breath test.

Defendant was subsequently charged with driving while suspended and with driving while intoxicated as an aggravated offender. Defendant waived his right to a jury trial.

At the beginning of the bench trial, the prosecutor offered into evidence a certified copy of Defendant's Missouri Department of Revenue driving record.

2

Defendant's driving record showed his driver's license had been suspended for 10 years beginning in 2009. Defendant's driving record also contained the following information regarding Defendant's prior intoxication related offenses:

**DRIVING WHILE INTOXICATED** assessed **12** points, **ID# 01**
    Violation on **4-10-2002** in **Non-Commercial Vehicle**
    Convicted on **7-16-2002** in **BARRY** by **CIR CRT-MUN DIV-MONETT**
    **Missouri** Offense Code is 1090, Microfilm/Court Report ID is
        **02256C00545**
    Ticket No. **990495747**, ACD is **A20** . . .

**DRIVING WHILE INTOXICATED** assessed **12** points, **ID# 06**
    Violation on **6-30-1984** in **Non-Commercial Vehicle**
    Convicted on **6-30-1984** in **MONETT**
    **Missouri** Offense Code is **1034**, Microfilm/Court Report ID is **18341001**
    Ticket No. **000066313**, ACD is **A20**

**DRIVING WHILE INTOXICATED** assessed **08** points, **ID#07**
    Violation on **1-20-1983** in **Non-Commercial Vehicle**
    Convicted on **1-20-1983** in **MONTGOMRY** [sic]
    **Missouri** Offense Code is **3034**, Microfilm/Court Report ID is
        **16282886**
    Ticket No. **000099999**, ACD is **A20**

The prosecution next submitted certified docket sheets from the Montgomery County Circuit Court regarding the 1983 conviction for driving while intoxicated as well as certified copies of the charging document, probable cause statement, docket sheets, and waiver of counsel from the Monett Municipal Court regarding the 2002 conviction for driving while intoxicated. No additional exhibits were submitted regarding the 1984 conviction. Defendant objected to all of the exhibits submitted, stating the documents were not relevant and did not have a proper foundation because they had not been properly certified. Defendant then requested to reserve any further argument until all the evidence had been submitted. The trial court admitted the documents for the limited purpose of showing the record of conviction.

3

Trial proceeded, and the prosecution adduced the evidence of the offenses summarized above. At the close of the evidence, the trial court found Defendant guilty on both counts.

At the sentencing hearing, Defendant again made arguments regarding the prosecution's proof of Defendant's prior intoxication related traffic offenses. Defendant's attorney argued the proof of those offenses was insufficient because the exhibits showed that two of the convictions—the 1983 conviction and the 1984 conviction—were entered on the same day as the offense. Defendant's attorney specifically complained that the exhibits did not show Defendant had waived his right to counsel before entering his guilty pleas in those cases. The prosecutor responded that the statute had been amended so that proof of waiver of counsel was no longer required. He also pointed out that the statute now specifically allowed the use of a Missouri Department of Revenue certified driving record to prove a prior conviction. The trial court found the State had proven beyond a reasonable doubt that Defendant was an aggravated offender and sentenced Defendant accordingly.

Defendant appeals.

**Standard of Review**

Defendant argues trial court erred in finding he was an aggravated offender because there was a "[l]ack of [e]vidence of [t]hree [v]alid [p]rior [c]onvictions."[2] Thus, Defendant challenges the sufficiency of the evidence to

---

[2] The State contends Defendant's argument is not preserved for review because Defendant's objection in the trial court was based on a different theory from the one presented on appeal. This contention is without merit. Below Defendant argued the exhibits were not sufficient to prove Defendant's status as an aggravated offender because the exhibits showed the convictions occurred on the same date as the offenses. Here, he also argues the trial court erred for that same

4

support his sentence as an aggravated offender. *See* **State v. Miller**, 153 S.W.3d 333, 336 (Mo. App. S.D. 2005). "It is the State's burden to prove prior intoxication-related traffic offenses beyond a reasonable doubt." **State v. Lemons**, 351 S.W.3d 27, 30 (Mo. App. S.D. 2011) (quoting **State v. Craig**, 287 S.W.3d 676, 681 (Mo. banc 2009)). "This Court's review is to determine whether substantial evidence was adduced to support the trial court's finding." **Id.** "Statutory interpretation, however, is a question of law which this Court reviews *de novo*." **Miller**, 153 S.W.3d at 336.

### Discussion

In his sole point on appeal, Defendant argues the State's exhibits were not sufficient to prove either Defendant's 1983 conviction for driving while intoxicated or Defendant's 1984 conviction for driving while intoxicated because the exhibits show the convictions were entered on the same date as the offense, "which strongly suggested that his convictions were obtained in violation of his right to a meaningful opportunity to present a defense[.]" This argument misconceives the nature of what the State has to show to prove aggravated offender status.

Under Section 577.023, a DWI charge, ordinarily a class B misdemeanor on the first offense, can be enhanced to a class C felony if the defendant is proven to be an aggravated offender. § 577.023.4. As relevant to the present case, "[a]n

---

factual reason. The State's contention is based on parsing the nuances of the arguments to show slight differences. However, the arguments raised below were sufficient to alert the prosecutor and the trial court to the issues raised, and the trial court had a fair opportunity to address the issue. Consequently, Defendant's argument is preserved for appellate review. *See* **State v. Thomas**, 969 S.W.2d 354, 355-56 (Mo. App. W.D. 1998) (holding that an argument was preserved for appeal where the thrust of the objection below was similar to the argument raised on appeal).

5

'aggravated offender' is a person who . . . [h]as pleaded guilty to or has been found guilty of three or more intoxication-related traffic offenses[.]" § 577.023.1(1)(a). Later subsections of the statute outline the procedural requirements involved in the case of an enhanced charge. § 577.023.7-15.

Subsection 16 of that statute discusses methods for proving a defendant's status under the statute. *See* § 577.023.16. Prior to 2010, Section 577.023.16 did not mention Missouri Department of Revenue certified driving records. *See* § 577.023.16, RSMo Cum. Supp. (2009); ***State v. Mitchell***, 403 S.W.3d 614, 615 n.1 (Mo. App. S.D. 2012). However, in 2010, the legislature amended the subsection to include the certified driving records of the Department of Revenue to prove evidence of prior conviction. H.B. 1695, 95th Gen. Assem., 2d Reg. Sess., 2010 Mo. Laws 49, 59. After the amendment, subsection 16 states:

> Evidence of a prior conviction, plea of guilty, or finding of guilt in an intoxication-related traffic offense shall be heard and determined by the trial court out of the hearing of the jury prior to the submission of the case to the jury, and shall include but not be limited to evidence received by a search of the records of the Missouri uniform law enforcement system, including criminal history records from the central repository or records from the driving while intoxicated tracking system (DWITS) maintained by the Missouri state highway patrol, *or the certified driving record maintained by the Missouri department of revenue*. After hearing the evidence, the court shall enter its findings thereon. A plea of guilty or a finding of guilt followed by incarceration, a fine, a suspended imposition of sentence, suspended execution of sentence, probation or parole or any combination thereof in any intoxication-related traffic offense in a state, county or municipal court or any combination thereof shall be treated as a prior plea of guilty or finding of guilt for purposes of this section.

§ 577.023.16 (emphasis added). When the legislature lists a particular source as authorizing the trial court to find the existence of a prior conviction, that source contains all the information necessary to prove the prior conviction. *See **Miller***,

153 S.W.3d at 337-38 (discussing the information contained in the records of the Missouri uniform law enforcement system). Thus, by adding the Missouri Department of Revenue certified driving records to the documents listed in the statute, the legislature has specifically indicated Missouri Department of Revenue certified driving records contain all the information necessary to prove the existence of a prior conviction for purposes of sentence enhancement.[3] This amendment was in effect at the time Defendant's offense was committed.

By the statute's plain language, convictions listed on a Missouri Department of Revenue certified driving record are sufficient to prove a prior guilty plea or prior finding of guilt. *Id.*; *see also* **Mitchell**, 403 S.W.3d at 615 (quoting **Lemons**, 351 S.W.3d at 31) ("a driving record that 'plainly listed [. . .] prior convictions' established the defendant pleaded guilty to or was found guilty of those offenses"). The State's exhibits—including Exhibit 1, Defendant's Missouri Department of Revenue certified driving record which showed Defendant had pled guilty to three prior charges of driving while intoxicated— were sufficient to prove Defendant was an aggravated offender.

Defendant's primary contention to the contrary is that because of the dates listed for the 1983 and 1984 convictions, the record is not clear that Defendant's constitutional right to present a defense and enter a voluntary guilty plea were protected in the prior proceedings. However, the State is not required to

---

[3] We do not mean to imply by this analysis that the legislature could by statute abrogate the constitutional requirement that the existence of prior convictions be supported by substantial evidence. However, we need not, and do not, reach the issue of whether the statute here presents that problem as Defendant does not argue that the statute on its face violates due process in that manner. Rather, Defendant simply argues the information contained in his specific driving record created doubt as to the procedural protections afforded him at the time his prior convictions were entered.

affirmatively prove that a defendant's prior conviction was obtained following all applicable constitutional procedures in order to use a record of the prior conviction for enhancement purposes. *Craig*, 287 S.W.3d at 681.

Defendant's sole point on appeal is denied.

## Decision

Defendant's convictions and sentences are affirmed.

MARY W. SHEFFIELD, P.J. - OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. - CONCURS

GARY W. LYNCH, J. - CONCURS