

# Missouri Court of Appeals
## Southern District
### Division Two

STATE OF MISSOURI,                    )
                                      )
    Plaintiff-Respondent,      )
                                      )
vs.                                   )          No. SD34083
                                      )
SHEENA DARLENE CORDELL,               )          Filed November 1, 2016
                                      )
    Defendant-Appellant.       )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

#### Honorable Calvin R. Holden

AFFIRMED

A jury found Sheena Darlene Cordell ("Defendant") guilty of driving on September 20, 2012, while intoxicated. *See* section 577.010.[1] The trial court sentenced her to four years' imprisonment in the Department of Corrections. The trial court suspended execution of that sentence and placed Defendant on probation for five years. Defendant timely appeals.

Before trial, the State offered Defendant's "Missouri Driver Record" certified by the Missouri Department of Revenue ("DOR") showing Defendant's "current <u>Driver History Information</u> recorded with the [DOR] as of December 4, 2013[,]" as evidence of her previous intoxication-related traffic offenses ("IRTO") and the basis for sentencing Defendant as an

---

[1] References to section 577.010 are to RSMo Cum.Supp. 2010, unless otherwise noted.

1

aggravated offender.  Her driver record shows, as pertinent here:

**Court Convictions**

DRIVING WHILE INTOXICATED assessed **12** points, **ID# 01**
    Violation on **9-05-1996** in **Non-Commercial Vehicle**
    Convicted on **12-11-1996** in **CHRISTIAN** by **CIR CRT-ASSOC DIV-OZARK**
    **Missouri** Offense Code is **1090**, Microfilm/Court Report ID is **96358C03565**
    Ticket No. **951448458**, ACD is **A20**

DRIVING WHILE INTOXICATED assessed **12** points, **ID# 02**
    Violation on **4-05-1984** in **Non-Commercial Vehicle**
    Convicted on **4-05-1984** in **SPRINGFIE** by **MUNICIPAL** court
    **Missouri** Offense Code is **1034**, Microfilm/Court Report ID is **18003087**
    Ticket No. **000007510**, ACD is **A20**

\*\*\*

DRIVING WHILE INTOXICATED assessed **12** points, **ID# 04**
    Violation on **11-14-1979** in **Non-Commercial Vehicle**
    Convicted on **11-14-1979** in **SPRINGFIE** by **MUNICIPAL** court
    **Missouri** Offense Code is **1034**, Microfilm/Court Report ID is **08470966**
    Ticket No. **000099999**, ACD is **A20**

The trial court admitted Defendant's driver record over Defendant's objections and found that

Defendant was an "aggravated offender."

Defendant's sole point relied on does not challenge the admission of her driver record,

but rather asserts that the trial court erred in finding she was an aggravated offender because "the

State failed to produce sufficient evidence . . . that the acts underlying the two municipal

convictions were acts specifically prohibited under Missouri's driving while intoxicated statutes,

§§ 577.001 and 577.010[.]"

**Standard of Review**

"It is the State's burden to prove prior [IRTOs] beyond a reasonable doubt." *State v.*

*Craig*, 287 S.W.3d 676, 681 (Mo. banc 2009).  The standard of review for this court-tried issue

is the same as in a jury-tried case. *Id.*

2

In reviewing a claim that there was not sufficient evidence to sustain a criminal conviction, this Court does not weigh the evidence but, rather, accepts as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict, and ignores all contrary evidence and inferences. This Court asks only whether there was sufficient evidence from which the trier of fact reasonably could have found the defendant guilty.

*State v. Claycomb*, 470 S.W.3d 358, 362 (Mo. banc 2015) (internal quotation marks and citations omitted). The State may prove its case by presenting direct or circumstantial evidence. *State v. Plopper*, 489 S.W.3d 848, 849–50 (Mo.App. 2016). Upon appellate review, circumstantial evidence is given the same weight as direct evidence and the fact finder may make reasonable inferences from the evidence presented. *Id.* at 850.

### Discussion

Driving while intoxicated in violation of section 577.010 is punishable for a first offense as a class B misdemeanor. Section 577.010.2. If the offender is an aggravated offender, however, it is punishable as a class C felony. Section 577.023.4.[2] "An **'aggravated offender'** is a person who [h]as pleaded guilty to or been found guilty of three or more" IRTOs. Section 577.023.1(1)(a).

As pertinent here, section 577.023.1(4) defines an IRTO as, "driving while intoxicated[.]" In determining whether a previous offense qualifies as an IRTO it must involve conduct sought to be deterred at the time of the present offense. *State v. Gibson*, 122 S.W.3d 121, 129 (Mo.App. 2003). As of the date of Defendant's current charge for driving while intoxicated, "[a] person commits the crime of 'driving while intoxicated' if he operates a motor vehicle while in an intoxicated or drugged condition." Section 577.010.1. "Operates" means "physically driving or operating a motor vehicle." Section 577.001.2.[3]

---

[2] References to section 577.023 are to RSMo Cum.Supp. 2012, unless otherwise noted.
[3] References to section 577.001 are to RSMo Cum.Supp. 2005, unless otherwise noted.

3

Based on the above and because the only evidence in the record supporting any prior offenses is Defendant's DOR-certified driver record, the issue presented by Defendant in this appeal is whether that driver record showing Defendant's two prior municipal "Court Convictions" for "DRIVING WHILE INTOXICATED" is sufficient evidence from which the trial court reasonably could have found the existence of those convictions and that the conduct giving rise to those convictions was for physically driving or operating a motor vehicle while in an intoxicated or drugged condition, *see* sections 577.010.1 and 577.001.2. We hold that it is sufficient.

First, previous cases have found such records are sufficient circumstantial evidence to support a finding of the existence of an IRTO for driving while intoxicated. *State v. Collins*, 328 S.W.3d 705, 708 n.4 (Mo. banc 2011) (certified DOR driver record, which plainly listed prior convictions for driving while intoxicated, establishes that defendant pleaded guilty to or was found guilty of those offenses); *State v. Mitchell*, 403 S.W.3d 614, 615 (Mo.App. 2012) (DOR's driver record, listing four DWI convictions, supports chronic offender status); *State v. Thomas*, 969 S.W.2d 354, 357 (Mo.App. 1998) (DOR records of two municipal convictions for driving while intoxicated supported finding of two IRTOs for driving while intoxicated).

Second, "[p]rior to 2010, Section 577.023.16 did not mention Missouri Department of Revenue certified driver records. However, in 2010, the legislature amended the subsection to include the certified driver records of the Department of Revenue to prove evidence of prior conviction." *State v. Rattles*, 450 S.W.3d 470, 472-73 (Mo.App. 2014) (citations omitted) (DOR driver record showed three prior convictions for "DRIVING WHILE INTOXICATED"). The statute now states: "Evidence of a prior conviction . . . in an intoxication-related traffic offense . . . shall include but not be limited to . . . the *certified driving record* maintained by the Missouri

4

department of revenue." Section 577.023.16 (emphasis added). "[B]y adding the Missouri Department of Revenue certified driving records to the documents listed in the statute, the legislature has specifically indicated Missouri Department of Revenue certified driving records contain all the information necessary to prove the existence of a prior conviction for purposes of sentence enhancement." *Rattles*, 450 S.W.3d at 474.[4]

Finally, we turn to Defendant's argument that her DOR-certified driver record is not sufficient because it does not exclude the possibilities that, (1) in addition to criminalizing *driving* or *operating* a motor vehicle while in an intoxicated condition, the driving-while-intoxicated ordinance underlying either or both municipal convictions at that time might have criminalized other conduct, such as being in *actual physical control* of a vehicle while intoxicated, and (2) it was for this other conduct that she was convicted. This argument miscomprehends the nature of the State's burden of proof and the use of circumstantial evidence to satisfy that burden.

The State is required to produce sufficient evidence from which the fact finder can at least reasonably infer the existence of a particular fact necessary for conviction. *Claycomb*, 470 S.W.3d at 362. A reasonable inference is by definition based upon circumstantial evidence, which the State may rely upon to make its *prima facie* case. *Plopper*, 489 S.W.3d at 849–50. Circumstantial evidence is not required to be "irreconcilable with the innocence of the accused" or "inconsistent with any reasonable theory of [defendant's] innocence." *State v. Grim*, 854 S.W.2d 403, 405-407 (Mo. banc 1993) (circumstantial evidence rule, as articulated and partially

---

[4] Defendant contends that *Rattles* does not control this case because in *Rattles*, this court "rejected a claim that the State's exhibits were insufficient to prove Rattles' status as an aggravated offender because they showed the convictions occurred on the same date as the offenses" and "that is not the claim made on this appeal[.]" Although *Rattles* may have involved a separate claim of error concerning the certified driver record, the court's holding that section 577.023.16 is statutory authorization for the trial court to find that there is sufficient evidence of prior offenses is still controlling in this case. The State's brief sets forth this view of the holding in *Rattles*, and Defendant chose not to file a reply brief arguing otherwise.

quoted here, rejected as a standard for reviewing the sufficiency of the evidence); ***State v. Mitchell***, 442 S.W.3d 923, 930 (Mo.App. S.D. 2014) (circumstantial evidence need not be absolutely conclusive of guilt, nor demonstrate the impossibility of innocence); ***State v. Rinehart***, 383 S.W.3d 95, 103 (Mo.App. W.D. 2012) (circumstantial evidence need not be conclusive of guilt, nor must it exclude every hypothesis of innocence); ***State v. Mosby***, 341 S.W.3d 154, 156 (Mo.App. E.D. 2011) (circumstantial evidence need not be absolutely conclusive of guilt, nor must the evidence demonstrate the impossibility of innocence).[5]

The circumstantial evidence before the trial court here is Defendant's DOR driver record that shows, according to DOR records, Defendant has three prior "Court Convictions" for "DRIVING WHILE INTOXICATED." This evidence supports an inference by the trial court that Defendant had three such convictions by the respective identified courts and that Defendant's conduct giving rise to those "DRIVING WHILE INTOXICATED" convictions comported with physically driving a motor vehicle while in an intoxicated condition, as set forth and defined in sections 577.010.1 and 577.001.2, respectively, and thereby met the definitional requirement of an IRTO under section 577.023.1(4) for "driving while intoxicated." Drawing such an inference was reasonable. *See **Collins***, 328 S.W.3d at 708; ***Rattles***, 450 S.W.3d at 474; ***Mitchell***, 403 S.W.3d 615; ***Thomas***, 969 S.W.2d at 357; section 577.023.16. Stated another way, we cannot say here that it was unreasonable for the trial court to infer that a conviction for "driving while intoxicated" was a conviction for *driving* while intoxicated.[6]

---

[5] The cases cited in this paragraph addressed our standard of review for sufficiency of the evidence in the context of the factual basis supporting a finding of guilt, rather than in the context of the factual basis supporting enhanced punishment. We see no legal basis or logical reason, however, to conclude that this standard is not identical in both contexts, and Defendant cites us to no relevant legal authority otherwise.

[6] "This does not mean driving records are conclusive, irrefutable, or adequate in all cases." ***Mitchell***, 403 S.W.3d at 615.

Defendant's reliance upon ***State v. Gibson***, 122 S.W.3d 121 (Mo.App. 2003) and ***State v. Coday***, No. WD77619, 2016 WL 1579254 (Mo.App. Apr. 19, 2016), to argue otherwise is misplaced. Each is distinguishable, primarily because neither considered the sufficiency of a certified DOR "Missouri Driver Record" showing a prior conviction in Missouri for "driving while intoxicated."

## **Decision**

Defendant's point is denied and the trial court's judgment of conviction is affirmed.


GARY W. LYNCH, P.J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – concurs

DANIEL E. SCOTT, J. – concurs