WILLIAM W. FRANCIS, JR., P.J.
*496 Shane Ashley Rodgers ("Rodgers"), appeals his conviction of domestic assault in the second degree. In one point on appeal, Rodgers asserts the trial court erred in overruling his motion for judgment of acquittal at the close of all the evidence in that there was insufficient evidence to establish beyond a reasonable doubt that he caused physical injury to Victim. Finding no merit to Rodgers' point, we affirm the judgment of the trial court.
Factual and Procedural History
We summarize the evidence in the light most favorable to the judgment. State v. Lammers , 479 S.W.3d 624, 632 (Mo. banc 2016).
Victim suffered a stroke. She was paralyzed on one half of her body, and was in the intensive care unit at the hospital. On June 18, 2015, Rodgers-Victim's blood relative-forcibly held a pillow over Victim's face and mouth until he was removed by hospital staff. Victim gasped for air when the pillow was removed, and her face was "beet red."
Rodgers was charged by felony information with the class C felony of domestic assault in the second degree, pursuant to section 565.073,[1] for "knowingly caus[ing] physical injury to [Victim] by holding a pillow over her face to prevent her from breathing and [Victim] and [Rodgers] were family or household members in that [Victim] and [Rodgers] were adults who were related by blood."
Rodgers waived his right to a jury trial and a bench trial commenced on April 21, 2017. Rodgers testified in his own defense.
At the close of the evidence, Rodgers moved for acquittal based on the insufficiency of the evidence. The trial court denied that motion.
The trial court found Rodgers guilty beyond a reasonable doubt of the class C felony of domestic assault in the second degree. The trial court sentenced Rodgers to three years in prison, to be served concurrently with other sentences he was currently serving.
This appeal followed. Rodgers argues that the trial court erred in denying his motion for acquittal at the close of all the evidence because there was insufficient evidence to show that he caused physical injury to Victim.
Standard of Review
Appellate review of sufficiency of the evidence is limited to whether the State has introduced adequate evidence from which a reasonable finder of fact could have found each element of the crime beyond a reasonable doubt. This Court considers all evidence in the light most favorable to the verdict and grants the State all reasonable inferences. Contrary evidence and inferences are disregarded. The Court will not supply missing evidence or grant the State unreasonable, speculative, or forced inferences.
Lammers , 479 S.W.3d at 632.
"The State may prove its case by presenting direct or circumstantial evidence. Upon appellate review, circumstantial *497 evidence is given the same weight as direct evidence and the fact finder may make reasonable inferences from the evidence presented." State v. Cordell , 500 S.W.3d 343, 345 (Mo.App. S.D. 2016).[2] A claim that the evidence is insufficient to support a conviction involves the following sequential steps: (1) identification of the challenged factual proposition needed to sustain the conviction; (2) identification of all favorable evidence in the record tending to prove that proposition; and (3) an explanation of why such evidence, when considered along with its reasonable inferences, is so non-probative that no reasonable fact-finder could believe the proposition. State v. Light , 407 S.W.3d 135, 137-38 n.4 (Mo.App. S.D. 2013).
Analysis
Rodgers argues that the trial court erred in rejecting his motion for judgment of acquittal at the close of all the evidence, in that there was insufficient evidence to support his conviction of the class C felony of domestic assault in the second degree, pursuant to section 565.073. Rodgers' challenge is that there was insufficient evidence to show that he knowingly caused physical injury to Victim.
The applicable charging information in this case asserted that "on or about June 18, 2015, ... [Rodgers] knowingly caused physical injury to [Victim] by holding a pillow over her face to prevent her from breathing and [Victim] and [Rodgers] were family or household members in that [Victim] and [Rodgers] were adults who were related by blood."[3] (Emphasis added).
A person commits the crime of domestic assault in the second degree if the act involves a family or household member ... and he or she:
(1) Attempts to cause or knowingly causes physical injury to such family or household member by any means, including, but not limited to, by use of a deadly weapon or dangerous instrument, or by choking or strangulation[.]
§ 565.073.1&(1) (emphasis added). "Physical injury" is defined as "physical pain, illness, or impairment of physical condition[.]" § 556.061(20).
The credited evidence, and the inferences reasonably available therefrom, indicate that Victim was in the hospital after suffering a stroke. She was "totally paralyzed on one side and very weak." Rodgers yelled at Victim, grabbed a pillow, and forced it down over her face, fully covering Victim's mouth and nose. Victim "couldn't fight him off because she was flaccid from her stroke." Hospital staff yelled at him to stop, but Rodgers persisted. Eventually, hospital staff were able to physically pull Rodgers away.
A nurse who witnessed the incident was concerned that Victim "would quit breathing and die." When hospital staff removed the pillow from Victim's face, her face was "beet red" and she gasped for air.
*498 This was sufficient evidence for the trial court to find that Rodgers knowingly caused "physical pain, illness, or impairment of physical condition[ ]" to Victim. See State v. Barnes , 980 S.W.2d 314, 318-19 (Mo.App. W.D. 1998) (finding that "partially occlud[ing the victim's] airway, making it difficult to breathe[,]" evidenced "impairment of physical condition[,]" and thus § 556.061(20) physical injury). "Section 556.061(20) does not require that physical injury be substantial, merely that it be present." Id. at 319.[4]
The trial court did not err in rejecting Rodgers' motion for acquittal at the close of all the evidence, because there was sufficient evidence to support Rodgers' conviction of domestic assault in the second degree. Rodgers' point is denied. The judgment of the trial court is affirmed.
JEFFREY W. BATES, J.-Concurs
DANIEL E. SCOTT, J.-Concurs

All references to section 565.073 are to RSMo Cum.Supp. 2012, unless otherwise indicated.

As the United State Supreme Court has indicated:
Circumstantial evidence ... is intrinsically no different from testimonial evidence. Admittedly, circumstantial evidence may in some cases point to a wholly incorrect result. Yet this is equally true of testimonial evidence. In both instances, a jury is asked to weigh the chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference. In both, the jury must use its experience with people and events in weighing the probabilities. If the jury is convinced beyond a reasonable doubt, we can require no more.
Holland v. U.S. , 348 U.S. 121, 139-40, 75 S.Ct. 127, 137-38, 99 L.Ed. 150 (1954).

Before closing argument, the State attempted to amend its information to include Rodgers' attempt to cause physical injury. The trial court denied this request.

Rodgers' brief attempts to rely on a minor portion of testimony wherein a witness seems to indicate that Victim would have suffered physical injury by suffocating or dying if hospital staff had not intervened. Rodgers posits that this means he did not cause physical injury to Victim. Our standard of review compels us to ignore this evidence (or, at the very least, Rodgers' strained interpretation of it). See Lammers , 479 S.W.3d at 632.