GARY W. LYNCH, J.
Following the trial court's finding that he was a chronic offender and a jury trial, Roger Wayne Sallee ("Defendant") was found guilty of the class B felony of driving while intoxicated ("DWI") and sentenced to a seven-year prison sentence. See sections 577.010 & 577.023.1(2).[1] On appeal, Defendant advances five points of alleged trial court error. In his first four points, Defendant challenges the sufficiency of the evidence supporting the trial court's finding that he was a chronic offender. In point 5, Defendant claims that the trial court abused its discretion in admitting alleged hearsay testimony. Finding no merit in points 1, 4, and 5, which are dispositive of the appeal, we do not reach the remaining points and affirm Defendant's conviction.
Factual and Procedural Background [2]
At approximately 8:00 p.m. on February 15, 2015, Springfield Police Officer Chad Hartman ("Officer Hartman") was dispatched to a Famous Footwear located on Independence Road in Springfield on a "check vehicle call" for "an intoxicated male" driving a white Ford Bronco with an Arkansas license plate ("the check-vehicle call"). Officer Hartman observed a vehicle matching the given description, which was operated by Defendant and started to drive away upon Officer Hartman's approach. Officer Hartman initiated a traffic stop and, following the administration of field sobriety tests, ultimately concluded that Defendant was impaired and arrested him. Defendant's blood alcohol content, as measured later by a breathalyzer machine, was .191%.
Defendant was charged with DWI as a chronic offender. At a pretrial conference, the State offered six exhibits (denominated Exhibits A, B, C, D, E, and F) as evidence that Defendant was convicted on six previous occasions of intoxication-related traffic offenses ("IRTOs") in Arkansas. The trial court admitted these exhibits into evidence and, based solely upon these exhibits, ultimately found Defendant to be a chronic offender beyond a reasonable doubt.
At trial, Officer Hartman was the only witness to testify. During that testimony, the prosecutor inquired regarding the information that dispatch relayed to Officer Hartman during the check-vehicle call. Defendant objected to this testimony on the basis of "hearsay[.]" The trial court overruled this objection "since it's not for the truth of it, but I'll let it show his actions." Officer Hartman then testified as follows:
Q. (By [the prosecutor] ) Officer, you are saying that you were dispatched there?
*895 A. Yes. It was over off of Independence Road at Famous Footwear. Right across the road is Hooters, which is a place to eat, a bar and grill. A female from there called and said an intoxicated male had left there, got into a vehicle, and then drove back behind the Famous Footwear which was where I was sent to.
(Emphasis added).
Defendant was ultimately found guilty of DWI and sentenced as a chronic offender. He timely appeals, raising five points. For ease of analysis, we consider Defendant's points out of order and points 1, 2, 3, and 4 together.
Discussion
Point 5-Challenged testimony not offered to prove the truth of the matter asserted
Defendant's fifth point relied on states:
The trial court abused its discretion in admitting evidence that an employee from Hooters had reported that an intoxicated man had left the restaurant, got into a vehicle, and then drove behind the Famous Footwear store, because this evidence was presented at trial in violation of [Defendant]'s rights to due process of law and a fair trial before an impartial jury, guaranteed by the Fourteenth Amendment to the United States Constitution and Article I §§ 10 and 18(a) of the Missouri Constitution, in that while the evidence was purported to be admitted merely to show the subsequent conduct of Officer Hartman, the level of detail provided in the hearsay went far beyond what was necessary to explain Officer Hartman's conduct, and the State used the hearsay for the truth of the matter during its closing argument.
"[A] trial court's ruling regarding the admissibility of evidence ... is reviewed for abuse of discretion. The trial court abuses its discretion when its ruling is clearly against the logic of the circumstances and is so unreasonable as to indicate a lack of careful consideration." State v. Winfrey , 337 S.W.3d 1, 5 (Mo. banc 2011) (internal citations and quotations omitted).
Here, the trial court admitted the content of the check-vehicle call over Defendant's hearsay objection to "show [Officer Hartman's] actions." It did not err in doing so. "If evidence is admissible for one purpose but improper for other purposes, it should be received, subject to limiting instruction, if requested."[3] State v. Jones , 979 S.W.2d 171, 182 (Mo. banc 1998). As relevant here, "statements made by out-of-court declarants that explain subsequent police conduct are admissible , supplying relevant background and continuity." State v. Dunn , 817 S.W.2d 241, 243 (Mo. banc 1991) (emphasis added). "Under this rule the triers of fact can be provided a portrayal of the events in question, more likely to serve the ends of justice in that the jury is not called upon to speculate on the cause or reasons for the officers' subsequent activities." State v. Brooks , 618 S.W.2d 22, 25 (Mo. banc 1981).
Defendant concedes as much, stating in his argument, "[h]ad this been the end of the matter [ (referring to Officer Hartman's testimony concerning the check-vehicle call) ], this likely would not constitute reversible error." Claiming, however, that this was not the end of the matter, Defendant identifies and takes issue with the following statement by the prosecutor during the rebuttal portion of *896 closing argument: "We heard undisputed testimony today that the officer got a call from dispatch right around eight o'clock, and that was a call from someone at Hooters that someone-an intoxicated male-had left and was in that area of that Famous Footwear." Although Defendant made no objection to this statement at trial, Defendant now claims on appeal that "[t]his statement shows that the State was using the employee's statement for the truth of the matter asserted."
This latter claim is not preserved for appellate review for several reasons. We need not discuss them all, however, because it most immediately and notably falls outside the scope of Defendant's point relied on. "The scope of the issue on appeal is determined by the point relied on." State v. McClanahan , 954 S.W.2d 476, 479 (Mo.App. 1997). Here, Defendant's point identifies the admission of the content of the check-vehicle call as the challenged trial court ruling or action. Whether there was trial court error with respect to closing argument , however, is an issue separate and distinct from that raised in Defendant's point. The trial court, as already explained, did not err in admitting this evidence for the stated purpose of providing relevant background information prompting the officer's subsequent actions. Accordingly, point 5 is denied.
Points 1, 2, 3, and 4-Sufficient evidence that Defendant was a chronic DWI offender
Defendant's first four points raise challenges involving Exhibits C, D, E, and F, respectively, and identically state:
The trial court erred in finding that the conviction contained in [Exhibits C, D, E, and F] qualified as an [IRTO], because this violated Section 577.023[ ] and [Defendant]'s right to due process guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, section 10 of the Missouri Constitution, in that there was insufficient evidence to prove beyond a reasonable doubt that the Arkansas conviction constituted an offense in Missouri where no facts of the crime were adduced in the exhibit[s] and where Arkansas law deviates from Missouri law in allowing for a conviction for driving while intoxicated for merely being in actual physical control of the vehicle; because the court found that this past conviction, along with other convictions discussed in Points I-IV, constituted an [IRTO], [Defendant] was improperly found to be a chronic DWI offender.
A "chronic offender" is "[a] person who has pleaded guilty to or has been found guilty of four or more [IRTOs.]" Section 577.023.1(2)(a) (emphasis added). As pertinent here, an IRTO is defined as including "driving while intoxicated[.]" Id. (4). A person commits DWI if he or she "operates a motor vehicle while in an intoxicated or drugged condition." Section 577.010.1. "Operates" is defined as "physically driving or operating a motor vehicle." Section 577.001.2.
"It is the State's burden to prove prior [IRTOs] beyond a reasonable doubt." State v. Craig , 287 S.W.3d 676, 681 (Mo. banc 2009) (citing section 577.023.7(2) ). In reviewing the sufficiency of the evidence, we accepts as true all evidence tending to prove guilt together with all reasonable inferences that support the finding. Id.
The State sought to prove that Defendant had six IRTOs and offered Exhibits A, B, C, D, E, and F into evidence for that purpose. Defendant concedes that Exhibits A and B were sufficient to prove two prior IRTOs. He claims, however, that Exhibits C, D, E, and F were insufficient to prove the additional two IRTOs necessary to *897 support a finding that he was a chronic offender.
Defendant relies on State v. Coday , 496 S.W.3d 572 (Mo.App. 2016), as support for his argument. In Coday , the issue was whether Kansas convictions for "driving under influence of alcohol and/or drugs" were IRTOs. 496 S.W.3d at 574. Those convictions were for violations of Kan. Stat. Ann. § 8-1567, which punishes "persons operating or attempting to operate a vehicle while intoxicated." Id. at 576. "Under Missouri law, to be guilty of [DWI], the person must operate the motor vehicle while in an intoxicated or drugged condition, not merely attempt to operate it." Id. (citing section 577.010). "[W]hen a foreign conviction encompasses acts outside of those prohibited by Missouri statutes, the test is whether the acts committed during the commission of the foreign crime would qualify as an [IRTO] under section 577.023." Id. Our western district concluded, based on the record before it, that "there was nothing in the record establishing that Coday was operating a vehicle during the commission of the offense[s]" and, therefore, "there was no evidence upon which the circuit court could base its finding that Coday was a persistent DWI offender." Id. at 578.
Defendant argues that, like the Kansas convictions at issue in Coday , Exhibits C, D, E, and F were insufficient to prove IRTOs because they contained no evidence that he had been convicted specifically for his operation of a vehicle while in an intoxicated or drugged condition. He premises his argument upon Ark. Code Ann. § 5-65-103 that states, "[i]t is unlawful and punishable as provided in this chapter for a person who is intoxicated to operate or be in actual physical control of a motorboat on the water of this state or in a motor vehicle." (Emphasis added). Two of the Arkansas convictions at issue, those in Exhibits D and E, reflect Defendant was convicted in the Baxter County District Court, Arkansas, on the charges of "[5-65-103] (2nd) Driving While Intoxicated" and "[5-65-103] (1st) Driving While Intoxicated[,]" respectively. The reference to "[5-65-103]" in each exhibit is, presumably, to the Arkansas statute cited and relied upon by Defendant.
The same cannot be said, however, for Exhibits C and F. Those exhibits reflect municipal court judgments convicting Defendant for ordinance violations of "Driving While Intoxicated" (specifically in the Municipal Court of Mountain Home, located in Baxter County, Arkansas).[4] The record does not reflect the provisions of the municipal ordinances under which Defendant was charged and convicted. As such, Defendant has not demonstrated that those ordinances legally "encompasse[d] acts outside of those prohibited by Missouri statutes[.]" Coday , 496 S.W.3d at 576 ; see also City of Joplin v. Marston , 346 S.W.3d 340, 342 (Mo.App. 2011) ("[A] court may not take judicial notice of a municipal enactment that is not introduced properly into evidence."). Moreover, "a judgment that, on its face, shows a guilty plea or a finding of guilt of an [IRTO] can *898 be treated as a prior conviction for purposes of enhancement under § 577.023." Craig , 287 S.W.3d at 681-82.
In State v. Cordell , 500 S.W.3d 343 (Mo.App. 2016), this court addressed whether a "Missouri Driver Record" certified by the Missouri Department of Revenue ("DOR") showing prior municipal convictions for DWI was sufficient to prove prior IRTOs. Id. at 344-45. Cordell argued that the proffered evidence was insufficient because it did not exclude the possibility that the DWI ordinance at issue may have criminalized, and Cordell may have been convicted on the basis of, conduct not criminalized by Missouri statute, i.e. , actual physical control of a vehicle while intoxicated. Id. at 346. We rejected Cordell's argument as follows:
The circumstantial evidence before the trial court here is Defendant's DOR driver record that shows, according to DOR records, Defendant has three prior "Court Convictions" for "DRIVING WHILE INTOXICATED." This evidence supports an inference by the trial court that Defendant had three such convictions by the respective identified courts and that Defendant's conduct giving rise to those "DRIVING WHILE INTOXICATED" convictions comported with physically driving a motor vehicle while in an intoxicated condition, as set forth and defined in sections 577.010.1 and 577.001.2, respectively, and thereby met the definitional requirement of an IRTO under section 577.023.1(4) for "driving while intoxicated." Drawing such an inference was reasonable. See Collins , 328 S.W.3d at 708 ; Rattles , 450 S.W.3d at 474 ; Mitchell , 403 S.W.3d at 615 ; [State v. ]Thomas , 969 S.W.2d [354] at 357 [ (Mo.App. W.D. 1998) ] ; section 577.023.16. Stated another way, we cannot say here that it was unreasonable for the trial court to infer that a conviction for "driving while intoxicated" was a conviction for driving while intoxicated.[ ]
Id. at 347.
Like the facts in Cordell , Exhibits C and F reflect that Defendant was convicted of "Driving While Intoxicated" in a municipal court in violation of a municipal ordinance. See id. The trial court could reasonably infer from this evidence that the convictions were for, as their designations suggest, the IRTO of driving while intoxicated. See id.[5] Exhibits C and F therefore are sufficient evidence of two prior IRTOs. Accordingly, points 1 and 4, addressing the sufficiency of those exhibits, are denied.
Because Exhibits A, B, C, and F together were sufficient to prove four prior IRTOs, the trial court did not err in finding that Defendant was a chronic offender. See section 577.023.1(2)(a). We need not determine, therefore, the merits of points 2 and 3 alleging that Exhibits D and E, respectively, were insufficient evidence of prior IRTOs. See State v. Williams , 411 S.W.3d 315, 320 (Mo.App. 2013) ("An appellate court will not consider academic, moot, or abstract questions in criminal cases.").
Decision
The trial court's judgment is affirmed.
MARY W. SHEFFIELD, P.J.-concurs
DON E. BURRELL, JR., J.-concurs

References to statutes are RSMo 2000, updated through RSMo Supp. 2014. References to rules are to Missouri Court Rules (2018).

Our recitation of the facts conforms to our standard of review that requires we view the facts in the light most favorable to the verdict. State v. Lammers , 479 S.W.3d 624, 632 (Mo. banc 2016).

Defendant did not request that the jury receive a limiting instruction.

The docket sheets and judgments in both exhibits reflect that the plaintiff in each case was the "City of Mountain Home." Nothing in either exhibit suggests or supports that either municipal prosecution was brought or obtained in the municipal court as a state-law violation of Ark. Code Ann. § 5-65-103 rather than as a City of Mountain Home municipal ordinance violation. Defendant's arguments on these points in his briefs on appeal simply presume the former without any discussion, citation to the record, or citation to any relevant legal authority. Defendant completely fails to consider or address the latter. Likewise, the Defendant does not address why the trial court here could not reasonably infer that a municipal court judgment of conviction in a prosecution brought by its municipality, which does not specify otherwise, was for a municipal ordinance violation.

A case cited by Defendant involving a municipal conviction, State v. Gibson , 122 S.W.3d 121 (Mo.App. 2003), is distinguishable. The municipal conviction at issue in Gibson was for "physical control of a motor vehicle while under the influence of alcohol[,]" which, as the Gibson court concluded, does not qualify as an IRTO. 122 S.W.3d at 125-26, 128.