

# Missouri Court of Appeals
## Southern District

In Division

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | No. SD38673 |
| | ) | |
| v. | ) | **Filed:  July 9, 2025** |
| | ) | |
| JAMES WILLIS PETERS, | ) | |
| | ) | |
| Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

Honorable Dean G. Dankelson, Judge

**<u>AFFIRMED</u>**

### Introduction

Following a jury trial, James Willis Peters was convicted of the class C felony of driving while intoxicated and sentenced as a chronic offender for having four or more previous intoxication-related traffic offenses ("IRTOs").  In his sole point on appeal, Peters argues he should be resentenced as an aggravated offender instead of a chronic offender because the evidence underlying his 2002 conviction in the municipal division of the Jasper County circuit court was insufficient to establish beyond a reasonable doubt that he committed the IRTO of "driving while intoxicated" as "driving" was defined at

the time of his new offense in 2021.[1]  This Court finds no merit in Peters' argument and determines the evidence was sufficient for the trial court to infer Peters' 2002 conviction of "driving while intoxicated" was considered "driving" as defined at the time of his 2021 offense under section 577.001(9).[2]  Therefore, Peters' 2002 conviction was sufficient to establish an IRTO and Peters was properly charged and sentenced as a chronic offender in his 2021 offense.  We affirm the trial court's judgment.

## Factual and Procedural History

On August 8, 2021, Peters was charged with one count of the class C felony of driving while intoxicated as a chronic offender under section 577.010.  During pre-trial proceedings, the State offered Exhibits 3, 4, 5, and 6 to the trial court to establish Peters' four prior convictions as IRTOs to enhance his sentence to that of a chronic offender.  No objections were offered as to Exhibits 3, 4, or 6, but Peters objected to Exhibit 5 stating "it is not sufficient to prove beyond a reasonable doubt the prior."[3]

After review, the trial court stated Exhibit 5 was a two-page document certified by the "Municipal Court Clerk at the City of Joplin," case number 011812849.  The charge was driving while intoxicated committed on February 17, 2002.  Peters was represented by an attorney at the plea, and pled guilty to driving while intoxicated on May 2, 2002.

---

[1]  The authority of the municipal court division of the circuit court and of the judges of those divisions is limited to hearing and determining violations of municipal ordinances.  *See* Mo. Const. art. V, §§ 23, 27(2)(d).  "A municipal judge may hear and determine municipal ordinance violation cases of the municipality or municipalities making provision for the particular municipal judge."  Section 478.230.

*Department of Mental Health v. Heffernon*, 708 S.W.3d 921, 927 (Mo. App. W.D. 2025).

[2] Unless otherwise noted, all statutory references are to RSMo (2016) as amended through 2021.

[3] A challenge to the sufficiency of evidence is "automatically preserved for appellate review."  *State v. Yount*, 710 S.W.3d 49, 58 (Mo. App. S.D. 2025).

Peters was convicted and sentenced by the municipal judge on that same date and was placed on a suspended imposition of sentence that included various stated conditions of probation. The trial court further noted the case was "closed out" on May 11, 2004.[4]

The trial court admitted Exhibits 3, 4, 5, and 6 as prior driving while intoxicated convictions finding "beyond a reasonable doubt" that Peters was a chronic offender. After the jury trial, Peters was found guilty of the current offense and the trial court sentenced him to seven years in the Missouri Department of Corrections.

On appeal, Peters does not challenge the jury's finding of guilt, nor does he challenge the admission of Exhibits 3, 4, or 6. In his one point on appeal, he claims there is:

> insufficient evidence to prove beyond a reasonable doubt that . . . (State's Exhibit 5) constituted an [IRTO], where, for this prior offense, the State failed to prove [Peters] was "driving" as that term was used in [s]ection 577.001 in 2021, the State presented no facts regarding this offense and failed to prove the language of the municipal ordinance for this violation.

### Standard of Review and Applicable Law

"Appellate review of sufficiency of the evidence is limited to whether the State has introduced sufficient evidence from which a reasonable juror could have found each element of the crime beyond a reasonable doubt." *State v. Hunt*, 451 S.W.3d 251, 257 (Mo. banc 2014). "In reviewing the sufficiency of the evidence, we accept[] as true all evidence tending to prove guilt together with all reasonable inferences that support the finding." *State v. Sallee*, 554 S.W.3d 892, 896 (Mo. App. S.D. 2018). This Court will not "supply missing evidence or give the state the benefit of unreasonable, speculative or forced inferences." *State v. Langdon*, 110 S.W.3d 807, 812 (Mo. banc 2003).

---

[4] For purposes of enhancement, a previous municipal offense resulting in a suspended imposition of sentence is a conviction. *State v. Tritle*, 599 S.W.3d 233, 234 n.3 (Mo. App. W.D. 2020).

**Analysis**

Peters argues the State failed to establish beyond a reasonable doubt that his 2002 conviction for "driving while intoxicated" is a fourth IRTO that would elevate his 2021 offense to a class C felony as a chronic offender. "A person commits the offense of driving while intoxicated if he or she operates a vehicle while in an intoxicated condition." § 577.010.1. This offense is a class C felony if "[t]he defendant is a chronic offender[.]" *Id.* at .2(5)(a). A "[c]hronic offender" is defined as "a person who has been found guilty of [] **[f]our** or more [IRTOs] committed on separate occasions[.]" § 577.001(5)(a) (emphasis added). The offense of driving while intoxicated is a class D felony if "[t]he defendant is an aggravated offender[.]" § 577.010.2(4)(a). An "[a]ggravated offender" is "a person who has been found guilty of [] **[t]hree** or more [IRTOs] committed on separate occasions[.]" § 577.001(2)(a) (emphasis added). The State has the burden to prove prior IRTOs beyond a reasonable doubt. *Sallee*, 554 S.W.3d at 896. The evidence of Peters' status as a chronic offender:

> *shall include but not be limited to* evidence of findings of guilt received by a search of the records of the Missouri uniform law enforcement system, including criminal history records from the central repository or records from the driving while intoxicated tracking system (DWITS) maintained by the Missouri state highway patrol, or the certified driving record maintained by the Missouri department of revenue.

§ 577.023.4 (emphasis added). Courts evaluate whether a previous conviction qualifies as an IRTO "as defined at the time of the current offense for which the state seeks enhancement[.]" *State v. Benson*, 646 S.W.3d 729, 733 (Mo. App. S.D. 2022).

The definition of "driving" at the time of Peters' current offense was "physically driving or operating a vehicle or vessel[.]" § 577.001(9).

4

Until 1996, "driving," as used in chapter 577, was defined as "physically driving or operating or *being in actual physical control* of a motor vehicle." § 577.001.1, RSMo 1994 (emphasis added). Being in actual physical control of a vehicle included being in a position to regulate a vehicle's movements. [*Cox v. Director of Revenue*, 98 S.W.3d 548, 550 (Mo. banc 2003)]. In 1996, however, the General Assembly removed the phrase "being in actual physical control" from the definition of "driving" in section 577.001.1, RSMo Supp. 1997. As a result, this Court held being in actual physical control of a vehicle is no longer "driving" a vehicle for purposes of chapter 577. *Cox*, 98 S.W.3d at 550-51.

*State v. Shepherd*, 643 S.W.3d 346, 350 n.8 (Mo. banc 2022).

An IRTO is defined as:

driving while intoxicated, driving with excessive blood alcohol content, driving under the influence of alcohol or drugs in violation of a state law, county or municipal ordinance, any federal offense, or any military offense, or an offense in which the defendant was operating a vehicle while intoxicated and another person was injured or killed in violation of any state law, county or municipal ordinance, any federal offense, or any military offense[.]

§ 577.001(15).

It is not sufficient alone to prove beyond a reasonable doubt that a previous conviction occurred, but it is also necessary that "the conviction arose from conduct that meets the definition of an IRTO under Missouri law at the time of the present offense." *Shepherd*, 643 S.W.3d at 351. Peters relies on *State v. Nowicki*, 682 S.W.3d 410 (Mo. banc 2024) and *Shepherd* to establish that Exhibit 5 was insufficient to prove he was "driving" under the Missouri definition of driving at the time of his August 8, 2021 offense. Both *Nowicki* and *Shepherd* found the statutes behind each of the prior convictions included the "actual physical control" language that was in effect at the time of the prior offense. *See Nowicki*, 682 S.W.3d at 415; *Shepherd*, 643 S.W.3d at 351. However, both *Nowicki* and *Shepherd* are distinguishable from the case before this Court. In those cases, the Supreme Court of Missouri rejected the proffered convictions

5

the State sought to introduce as IRTOs because the convictions were based on the statutory language regarding "actual physical control." Peters' 2002 case occurred well after the "actual physical control" language had been removed from the definition of "driving". The evidence is sufficient to establish Peters' conduct behind his 2002 conviction is for driving as defined at the time of his 2021 offense because the definition of "driving" in 2002 did not include the "actual physical control" language which was at issue in *Nowicki* and *Shepherd*.

It is reasonable for trial courts to determine that a municipal division of the circuit court conviction for "driving while intoxicated" is a conviction for "driving" under Missouri law. In *Sallee*, the defendant made a similar argument that his municipal court convictions for ordinance violations of "driving while intoxicated" did not constitute IRTOs to enhance his current offense. 554 S.W.3d at 892. In *Sallee*, this Court held the trial court could reasonably infer from the evidence showing the defendant's convictions for "driving while intoxicated" in violation of a municipal ordinance were for "driving" as defined at the time of the defendant's latest offense. *Id.* at 898. This Court came to a similar conclusion in *State v. Cordell*, 500 S.W.3d 343, 347 (Mo. App. S.D. 2016), finding it is reasonable for a trial court to infer a conviction for "driving while intoxicated" is for physically *driving* while intoxicated, which would satisfy the Missouri definition of driving. Here, there was sufficient evidence for the trial court to determine from Exhibit 5 that Peters' 2002 guilty plea and conviction for "driving while intoxicated" was for actually *driving* as defined in section 577.001(9).

There is no requirement, and Peters does not cite us to any case or authority, that the State must present evidence of a municipal division ordinance for the purpose of

6

establishing a municipal division guilty plea conviction as an IRTO. In ***State v. Miller***, this Court rejected an argument that because the State did not establish the elements of the municipal "driving while intoxicated" ordinance, the evidence was insufficient to enhance the punishment, finding: "the certified municipal courts records in State's Exhibit 2 contained sufficient indicia of reliability to be admitted for the purpose of establishing [the defendant] had a prior municipal conviction for driving while intoxicated." 153 S.W.3d 333, 340 (Mo. App. S.D. 2005). Similarly, the State in the instant case submitted a certified court record from the municipal division of the Jasper County circuit court showing Peters had pled guilty to "driving while intoxicated." Exhibit 5 presented sufficient reliability to be admitted, and the State was not required to present additional evidence of the municipal ordinance. ***Id.***

Viewing the evidence in the light most favorable to the trial court's decision, there was sufficient evidence for the trial court to infer Peters' 2002 conviction for "driving while intoxicated" was for "*driving*" within the current version of chapter 577 and qualified as an IRTO. Peters' point is denied.

### Conclusion

The trial court's judgment is affirmed.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

JENNIFER R. GROWCOCK, C.J. – CONCURS

JEFFREY W. BATES, J. – CONCURS

7