**STATE of Missouri, Plaintiff–Appellant,**

v.

**Yvone WHITE, Defendant–Respondent.**

**No. 18121.**

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 19, 1993.

John D. Beger, Pros. Atty., Patrick L. King, Asst. Pros. Atty., Phelps County, Rolla, for plaintiff-appellant.

Ronald D. White, Williams, Robinson, Turley, Crump and White, Rolla, for defendant-respondent.

GARRISON, Judge.

■ Respondent (Defendant) was charged by information with attempted stealing, a class D felony under §·564.011.[1] The information alleged:

> ... the defendant, in violation of Section 564.011, RSMo, committed the class D felony of an attempt to commit the offense of stealing, ... in that on or about August 3, 1989 in the County of Phelps, State of Missouri, the defendant removed brass of a value of at least one hundred fifty dollars from a truck belonging to William T. White d/b/a Ozark Metal and placed it on his

1. All references to statutes are to RSMo 1986, V.A.M.S.

pickup, and such conduct was a substantial step toward the commission of the crime of stealing, and was done for the purpose of committing such stealing.

The case was set for jury trial on September 16, 1991. After a jury was impaneled and sworn, but before the introduction of any evidence, Defendant filed a motion to dismiss contending that the information alleged a completed act of felony stealing and, "[s]ince failure of consummation is an element of a criminal attempt, the completed crime cannot be used as the substantial step toward the commission of that same crime." The State appeals the trial court's sustaining of that motion.[2]

■ The State's right to appeal in a criminal case is dependent upon statutory authorization. *State v. Coor,* 740 S.W.2d 350, 352 (Mo.App.1987). Section 547.210 permits an appeal by the State when an indictment or information is held to be insufficient. Section 547.200.2, however, provides, in pertinent part:

The state, in any criminal prosecution, shall be allowed an appeal in the cases and under the circumstances mentioned in section 547.210 and in all other criminal cases except in those cases where the possible outcome of such an appeal would result in double jeopardy for the defendant. . . .

In *State v. Casaretto,* 818 S.W.2d 313 (Mo. App.1991), the court, referring to § 547.-200.2, said:

Double jeopardy is an issue which is always raised by the State's appeal of a criminal matter. The State is only permitted to appeal where the right is explicitly conferred by statute and where no double jeopardy can result.

*Id.* at 315. Because the double jeopardy issue goes to the jurisdiction of the court, it is properly raised *sua sponte* even though it is not raised by the parties. *State v. Reed,* 770 S.W.2d 517, 519 (Mo.App.1989).

■ It has been held that in a jury trial jeopardy attaches when the jury is impaneled and sworn. *Serfass v. United States,* 420

U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975). However, the conclusion that jeopardy has attached begins, rather than ends, the inquiry as to whether the Double Jeopardy Clause bars retrial. *See Illinois v. Somerville,* 410 U.S. 458, 467, 93 S.Ct. 1066, 1072, 35 L.Ed.2d 425, 433 (1973) (holding that the granting of a mistrial due to a defect in the wording of the indictment did not prevent retrial even though the mistrial was declared after the jury was impaneled and sworn and over the objection of defendant). In *United States v. Scott,* 437 U.S. 82, 98–99, 98 S.Ct. 2187, 2198, 57 L.Ed.2d 65, 79 (1978), the court held that a defendant who, after the introduction of evidence, deliberately chooses to seek termination of the proceedings against him by a motion to dismiss, unrelated to factual guilt or innocence, suffers no injury cognizable under the Double Jeopardy Clause if the State is permitted to appeal and seek reversal of the dismissal. *See also United States v. Kehoe,* 516 F.2d 78, 86 (5th Cir.1975) (holding that a defendant who delays, for reasons of trial tactics, filing a motion attacking an indictment until after the jury is sworn and some evidence has been heard is not entitled to prevent a retrial on the basis of the Double Jeopardy Clause). We do, therefore, find that this appeal is not prevented by the application of § 547.200.2.

■ The State, in this appeal, argues that the trial court erred when it dismissed the information on the basis that a completed act of stealing could not support a charge of attempting to commit that offense. We agree.

Section 564.011.1 provides:

A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense. A "substantial step" is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.

The Comment to present § 564.011.1 states, in part:

---

**2.** Defendant has filed no brief in this court. While no penalty is prescribed for failure to file a brief, we are required to decide the case without

the benefit of that party's authorities and points of view. *State v. Michaels,* 543 S.W.2d 245, 247 (Mo.App.1976).

This section defines the elements of attempt and makes some change in the existing law....[3]

Subsection 1 does away with failure as an element of attempt offenses. Present law permits a defendant charged with attempt to argue that he is innocent because he actually went through with the crime. By eliminating failure as an element of attempt, the section avoids the problem of losing a conviction on a charge of attempt when the evidence shows that the offense was completed....

This court has cited the above Comment with approval and has held that "the successful completion of a crime does not bar a conviction for an attempt to commit that crime." *State v. O'Dell,* 684 S.W.2d 453, 462 (Mo.App.1984). We are constrained to hold, therefore, that the trial court erred in sustaining Defendant's motion to dismiss. The trial court's order sustaining the motion and discharging Defendant is reversed.

MONTGOMERY, P.J., and FLANIGAN, J., concur.

3. Section 564.011 took effect January 1, 1979. Prior to that the applicable statute was § 556.-150. It provided:

Every person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act toward the commission of such offense, but shall fail in the perpetration thereof, or shall be prevented or intercepted in executing the same, ... shall ... be punished....