STATE of Missouri, Plaintiff–
Respondent,

v.

John E. ADAMS, Defendant–Appellant.

No. 26151.

Missouri Court of Appeals,
Southern District,
Division One.

May 20, 2005.

Robert D. McGee, Springfield, MO, for appellant.

No brief filed by respondent.

JAMES K. PREWITT, Judge.

Following a bench trial on February 19, 2004, John E. Adams ("Appellant") was convicted of the class B misdemeanor of driving while intoxicated, in violation of Section 577.010, RSMo 2000. The trial court suspended execution of Appellant's thirty-day jail sentence, and Defendant was placed on unsupervised probation for one year and further ordered to pay a $150.00 fine plus court costs. Appellant appeals his conviction and sentence, contending that there was insufficient evidence to support the finding of guilty beyond a reasonable doubt. Appellant contends his blood alcohol content was below the "legal limit" and certain

physical disabilities affected the field sobriety tests.[1]

On September 24, 2003, Trooper Richard Stewart, with the Missouri State Highway Patrol, received a call from dispatch to investigate a motor vehicle collision at I–44 and the exit to Highway 174 in Lawrence County. When Trooper Stewart made contact with Appellant, who was involved in the collision, he observed that Appellant's eyes were "bloodshot and watery," and he also detected a moderate odor of intoxicants on Appellant's breath. Stewart further testified that Appellant's pupils "had a poor reaction to light[,]" which indicated that Appellant may have been impaired or intoxicated. Appellant stated he had consumed one beer earlier that day.

Stewart administered three field sobriety tests: the one-leg stand; the walk-and-turn; and the horizontal gaze nystagmus. When Appellant performed poorly on all three, Trooper Stewart requested that Appellant submit to a portable breath test, and Appellant complied. Stewart subsequently placed Appellant under arrest and transported him to the Lawrence County Sheriff's Office. There, Appellant submitted to a breathalyzer test, which recorded a blood alcohol concentration of .061. Appellant was charged with driving while intoxicated.

At trial, Appellant presented no evidence. The trooper who arrested Appellant testified on behalf of the State. Appellant moved for acquittal at the close of all of the evidence, which the trial court overruled.

In his sole point on appeal, Appellant contends that "the conditions of high blood pressure, recently being in a wreck, head injury, loss of a toe, middle ear problems, and being on medication for his high blood pressure" negatively affected his performance on the one-leg stand and walk-and-turn tests administered by Trooper Stewart. In addition, Appellant asserts that his "severe stigmatism," ingestion of high blood pressure medication that morning, and a head injury allegedly suffered in the collision could account for the alleged nystagmus that the officer observed while administering the horizontal gaze nystagmus test.

When Trooper Stewart testified regarding the administration of the field sobriety tests, he stated that when he asked if Appellant had any physical impairment that would affect his performance of the tests, Appellant may have told him that he had weak knees. Later, while completing the Alcohol Influence Report, Appellant advised Trooper Stewart that he had taken prescription medication for high blood pressure that morning. When questioned about physical defects, Appellant advised him that he was missing a toe on his left foot, had only one-half of one lung, and was "hard of hearing." On cross-examination, counsel referred to a bump on Appellant's head, allegedly sustained during the collision, and Trooper Stewart stated that Appellant "may have had a bump on his head."

 In our review of the sufficiency of the evidence following a conviction, we give the State the benefit of all reasonable inferences from the evidence, and disregard all contrary or unfavorable evidence and inferences. *State v. Buckler*, 988 S.W.2d 565, 567 (Mo.App.1999). The judgment will be affirmed if there is any substantial evidence to support the trial

---

1. Respondent has filed no brief in this appeal. While there is no penalty for failing to file a brief, we are required to decide this case without the benefit of Respondent's authorities and point of view. *State v. White*, 860 S.W.2d 805, 806 n. 2 (Mo.App.1993).

court's findings. *State v. Brewer,* 861 S.W.2d 765, 766 (Mo.App.1993).

■■■ "Any intoxication that in any manner impairs the ability of a person to operate an automobile is sufficient to sustain a conviction of driving while intoxicated." *State v. Wilson,* 846 S.W.2d 796, 798 (Mo.App.1993). "An actual, numerical measure of blood alcohol content is not essential to the State's case[ ]" in prosecuting a charge of driving while intoxicated. *State v. Rose,* 86 S.W.3d 90, 105 (Mo.App. 2002). In *Rose,* the court noted that "where there is no chemical analysis of the driver's BAC, the State may meet its burden of proof solely through the testimony of a witness that had a reasonable opportunity to observe the alleged offender." *Id.* Section 577.037.5(3), RSMo 2000, provides that in instances where a driver's blood alcohol content is less than eight-hundredths of one percent, any charge alleging driving while intoxicated or driving under the influence of alcohol "shall be dismissed with prejudice" unless "[t]here is substantial evidence of intoxication from physical observations of witnesses or admissions of the defendant."

■■ Section 577.037.3, RSMo 2000, allows for "the introduction of other competent evidence [other than chemical test results] bearing upon the question whether the person was intoxicated." Here, there was testimony from the arresting officer that he observed physical indications that Appellant was intoxicated at the scene of the collision. Those observations included bloodshot, watery eyes and an odor of intoxicants. In addition, Appellant performed poorly on field sobriety tests. Appellant also admitted to having one beer prior to the collision. In *State v. Myers,* 940 S.W.2d 64, 65 (Mo.App.1997), this District found that the arresting officer's testimony that, in his opinion, the defendant was intoxicated was sufficient evidence of intoxication to support the conviction for driving while intoxicated.

This court defers to the trial court's determinations of witness credibility. *State v. Scholl,* 114 S.W.3d 304, 307 (Mo. App.2003). The trial court noted that numerous pieces of evidence and "indicators" which it found "are consistent with each other" indicated that Appellant was under the influence of alcohol, referencing, in particular, Appellant's bloodshot eyes, the smell [of intoxicants], and the blood alcohol test results. The trial court further stated that it "believes this evidence beyond all reasonable doubt" and concluded that Appellant was "guilty as charged." Point one is denied.

The judgment is affirmed.

GARRISON, P.J., and RAHMEYER, J., concur.