

# In the Missouri Court of Appeals
# Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED108519 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Warren County |
| vs. | ) | 18BB-CR00207-01 |
| | ) | |
| TIMOTHY A. SHEPHERD, | ) | Honorable Keith M. Sutherland |
| | ) | |
| Appellant. | ) | Filed: March 9, 2021 |

Timothy A. Shepherd ("Defendant") appeals the trial court's judgment, following a bench trial, convicting him of the class B felony of driving while intoxicated ("DWI" or "driving while intoxicated") as a habitual offender (Count I) and the class A misdemeanor of failing to drive on the right half of the roadway when the roadway was of sufficient width, resulting in an accident (Count II). On appeal, Defendant only challenges his conviction on Count I, arguing there is insufficient evidence to support the trial court's finding that Defendant was a habitual offender. Because we disagree, we affirm the trial court's judgment.

### I.      BACKGROUND

Defendant was charged by first amended information with Counts I and II for events that allegedly occurred on or about March 21, 2017. With respect to Count I, Defendant's DWI charge, the information alleged that "on or about March 21, 2017, on Highway 47 in [Warren County, Missouri], [ ] [D]efendant operated a motor vehicle while under the influence of alcohol." The information also alleged Defendant was a habitual offender and listed seven prior

convictions for "driving while intoxicated" in Boulder County, Colorado which took place between 1985 and 2003. *See* 577.001(11)(a) RSMo 2016 (effective January 1, 2017 to August 27, 2017)[1] (defining a "[h]abitual offender" as, *inter alia*, "a person who has been found guilty of . . . [f]ive or more intoxication-related traffic offenses committed on separate occasions") (emphasis omitted).

At a pre-trial hearing, the State introduced into evidence Exhibit 1, a certified copy of Defendant's driving record maintained by the Colorado Department of Revenue's Division of Motor Vehicles ("the Colorado Department of Revenue"), to prove Defendant was a habitual offender. *See id.* It is undisputed all of Defendant's prior convictions listed in Defendant's Colorado driving record involved violations of Colorado state law.

Exhibit 1 shows Defendant has seven prior convictions in Boulder County, Colorado which took place between 1985 and 2003; four convictions are for driving under the influence of alcohol and/or drugs, and three convictions are for driving while impaired by alcohol and/or drugs. *See generally* Colo. Rev. Stat. section 42-4-1301 (effective January 1, 1995 to the present and formerly Colo. Rev. Stat. section 42-4-1202); Colo. Rev. Stat. section 42-4-1202 (effective 1973 to December 31, 1994).

Defendant's four prior Colorado convictions for driving under the influence of alcohol and/or drugs are as follows: (1) a June 30, 1986 conviction for events occurring on April 29, 1985 in which Defendant was not involved in an accident; (2) a January 24, 1992 conviction for events occurring on August 27, 1991 in which Defendant was not involved in an accident; (3) an August 1, 2000 conviction for events occurring on April 28, 2000 in which Defendant was involved in an accident; and (4) a July 25, 2003 conviction for events occurring on January 31, 2003 in which Defendant was not involved in an accident. For each of the four preceding

_____

[1] Unless otherwise indicated, all further statutory references to section 577.001 are to RSMo 2016 (effective January 1, 2017 to August 27, 2017), because this is the version of the statute in effect at the time the events giving rise to Defendant's DWI charge in this case occurred in March 2017.

convictions for driving under the influence of alcohol and/or drugs, Defendant was assessed twelve points on his Colorado driver's license.

Defendant's three prior Colorado convictions for driving while impaired by alcohol and/or drugs are as follows: (1) a February 21, 1985 conviction for events occurring on December 25, 1984 in which Defendant was involved in an accident; (2) an April 28, 1989 conviction for events occurring on July 20, 1988 in which Defendant was involved in an accident; and (3) an October 15, 2001 conviction for events occurring on June 2, 2001 in which Defendant was not involved in an accident. For each of the three preceding convictions for driving under the influence of alcohol and/or drugs, Defendant was assessed eight points on his Colorado driver's license.[2]

Defense counsel objected to the admission of Exhibit 1, arguing it did not contain sufficient information from which the court could find Defendant was a habitual offender. The trial court overruled defense counsel's objection, admitted Exhibit 1 into evidence, and found the exhibit proved Defendant was a habitual offender because it showed "[D]efendant has been found guilty of driving while intoxicated in Boulder County, Colorado on seven different occasions."

Defendant waived his right to a jury trial. Following a bench trial, the trial court entered a judgment finding Defendant guilty of the class B felony of driving while intoxicated as a habitual offender (Count I) and the class A misdemeanor of failing to drive on the right half of

---

[2] Exhibit 1 shows there were two charges relating to Defendant's February 21, 1985 and April 28, 1989 convictions: (1) "Drove Vehicle While Under the Influence of Alcohol or Drugs or Both" with an assessment of zero points on Defendant's Colorado driver's license; and (2) "Drove Vehicle While Ability Impaired by Alcohol or Drugs or Both" with an assessment of eight points on Defendant's Colorado driver's license. In other words, points were assessed for only charge (2) with respect to the February 1985 and April 1989 convictions. Additionally, Colorado case law provides driving while impaired by alcohol and/or drugs may be a lesser-included offense of driving under the influence of alcohol and/or drugs. *See Thompson v. People*, 510 P.2d 311, 312, 313 (Colo. banc 1973) (holding driving while ability impaired is a lesser-included offense of driving under the influence if warranted by the evidence) (superseded by statute on other grounds). Under these circumstances, it is undisputed on appeal that the only reasonable inference is Defendant was charged with the offense listed in (1) but was convicted of the lesser-included offense listed in (2) in February 1985 and April 1989.

the roadway when the roadway was of sufficient width, resulting in an accident (Count II). The

trial court sentenced Defendant to ten years of imprisonment on Count I and six months of

incarceration in jail on Count II, with the sentences to run concurrently. This appeal followed.

## II. DISCUSSION

In Defendant's sole point on appeal, he argues there is insufficient evidence to support

the trial court's finding that Defendant was a habitual offender at the time he committed his

Missouri DWI in March 2017, and therefore, there is insufficient evidence to support the

enhancement of his DWI offense in Count I to the class B felony of driving while intoxicated as

a habitual offender.[3]

**A.** **General Law, the Standard of Review, and Whether Missouri Law Permits the State of Missouri to Use a Certified Driving Record from Another State's Department of Revenue to Prove a Defendant is a Habitual Offender**

There is sufficient evidence to support enhancement of a DWI conviction to a class B

felony of driving while intoxicated as a habitual offender when the State presents sufficient facts

to support a finding beyond a reasonable doubt that the defendant was found guilty of "[f]ive or

more intoxication-related traffic offenses[4] committed on separate occasions . . .."[5] *See* section

577.023.1(2) RSMo 2016 (effective from January 1, 2017 to the present)[6] (providing "[a] court

shall find the defendant to be a . . . habitual offender . . . if [, *inter alia*], [e]vidence is introduced

---

[3] In this appeal, it is undisputed the State presented sufficient evidence at the bench trial from which the trial court could have found Defendant guilty of driving while intoxicated (Count I) and failing to drive on the right half of the roadway when the roadway was of sufficient width, resulting in an accident (Count II), for events occurring on or about March 21, 2017 in Warren County, Missouri.

[4] To avoid unnecessary repetition, the relevant statutory definition of an "intoxication-related traffic offense" and relevant Missouri case law discussing what type of crime qualifies as such an offense are discussed below in Section II.B. of this opinion.

[5] Driving while intoxicated is a class B misdemeanor unless there are circumstances justifying enhancement of the offense. *See* section 577.010.2(1)-(7) RSMo 2016 (effective January 1, 2017 to August 27, 2017). For example: if the defendant is a *prior offender*, the offense is a class A misdemeanor; if the defendant is a *persistent offender*, the offense is a class E felony; if the defendant is an *aggravated offender*, the offense is a class D felony; if the defendant is a *chronic offender*, the offense is a class C felony; and if the defendant is a *habitual offender*, the offense is a class B felony. *See id*.; *see also* section 577.001(1), (5), (11), (18), (20) (defining each of the preceding italicized terms).

[6] Unless otherwise indicated, all further statutory references to section 577.023 are to RSMo 2016 (effective from January 1, 2017 to the present), because this is the version of the statute in effect at the time the events giving rise to Defendant's DWI charge in this case occurred in March 2017.

that establishes sufficient facts pleaded to warrant a finding beyond a reasonable doubt the defendant is a . . . habitual offender . . ."); section 577.001(11)(a) (defining a "[h]abitual offender" as, *inter alia*, "a person who has been found guilty of . . . [f]ive or more intoxication-related traffic offenses committed on separate occasions") (emphasis omitted); *see also State v. Craig*, 287 S.W.3d 676, 681 (Mo. banc 2009) ("[i]t is the State's burden to prove prior intoxication-related traffic offenses beyond a reasonable doubt").

In making a determination of whether there is sufficient evidence to support enhancement of a DWI offense, an appellate court "accept[s] as true all evidence to prove the prior offenses together with all reasonable inferences that support the [trial] court's finding." *State v. Rigsby*, 589 S.W.3d 661, 664 (Mo. App. W.D. 2019) (quotation omitted); *see also State v. Sallee*, 554 S.W.3d 892, 896 (Mo. App. S.D. 2018) (citing *Craig*, 287 S.W.3d at 681); *State v. Cordell*, 500 S.W.3d 343, 345 (Mo. App. S.D. 2016) (citing *State v. Claycomb*, 470 S.W.3d 358, 362 (Mo. banc 2015)). Additionally, an appellate court "ignores all contrary evidence and inferences." *Cordell*, 500 S.W.3d at 345 (quoting *Claycomb*, 470 S.W.3d at 362).

The State may make a *prima facie* case that a defendant has prior intoxication-related traffic offenses which result in enhancement of a DWI offense by presenting direct or circumstantial evidence. *Cordell*, 500 S.W.3d at 345-46. "Upon appellate review, circumstantial evidence is given the same weight as direct evidence[.]" *Id*. at 345. Additionally, "circumstantial evidence need not be absolutely conclusive of guilt, nor must the evidence demonstrate the impossibility of innocence." *Id*. at 347 (citing *State v. Mosby*, 341 S.W.3d 154, 156 (Mo. App. E.D. 2011)).

Furthermore, if the State makes a *prima facie* case that a defendant has prior intoxication-related traffic offenses which result in the enhancement of a DWI offense and the defendant does not refute the State's evidence, the State has met its burden to prove prior intoxication-related

5

traffic offenses beyond a reasonable doubt. *See State v. Ellmaker*, 611 S.W.3d 320, 328-29 (Mo. App. W.D. 2020) (similarly holding and also finding "*[p]rima facie* evidence, if not refuted, constitutes proof beyond a reasonable doubt") (emphasis added) (quotation omitted); *see also Craig*, 287 S.W.3d at 681 ("[i]t is the State's burden to prove prior intoxication-related traffic offenses beyond a reasonable doubt").

In this case, the State attempted to prove its *prima facie* case that Defendant had prior intoxication-related traffic offenses which result in enhancement of his DWI offense by presenting a certified driving record maintained by the Colorado Department of Revenue. Accordingly, before we examine the specific facts of this case and what type of crime qualifies as an "intoxication-related traffic offense" under Missouri law, we must determine the threshold issue of whether it is permissible under Missouri law for the State of Missouri to prove the existence of a defendant's prior intoxication-related traffic offenses by using a certified driving record from another state's department of revenue. This issue involves statutory interpretation, which is a question of law that an appellate court reviews *de novo*. *See State v. Smith*, 595 S.W.3d 143, 145 (Mo. banc 2020); *see also State v. Rattles*, 450 S.W.3d 470, 473 (Mo. App. S.D. 2014); *State v. Gibson*, 122 S.W.3d 121, 126 (Mo. App. W.D. 2003).

An appellate court's primary rule in interpreting statutes is to determine the intent of the legislature from the language used, to give effect to the intent, and to consider the words in their plain and ordinary meaning whenever possible. *State v. Johnson*, 524 S.W.3d 505, 510 (Mo. banc 2017). "[We] must presume every word, sentence or clause in a statute has effect, and the legislature did not insert superfluous language." *Id*. at 511 (quotation omitted). Moreover, "[w]hen the words [of a statute] are clear, there is nothing to construe beyond applying the plain meaning of the law." *Id*.

6

Section 577.023.4 provides in relevant part:  "Evidence offered as proof of the defendant's [enhanced] status as a [, *inter alia*,] . . . habitual offender . . . <u>shall include but not be limited to</u> evidence of findings of guilt received by a search of the *records of the Missouri uniform law enforcement system*, including *criminal history records from the central repository* or *records from the driving while intoxicated tracking system (DWITS) maintained by the Missouri state highway patrol*, or *the certified driving record maintained by the Missouri department of revenue*." (emphasis added).

By using the language "shall include but not be limited to" in section 577.023.4, we find the legislature did not limit evidence of a defendant's prior convictions to the preceding, italicized categories of evidence listed in the statute.  *See id.*; *State v. Graves*, 358 S.W.3d 536, 537 n.1, 541-42 (Mo. App. S.D. 2012) and *State v. Thomas*, 969 S.W.2d 354, 356-57 (Mo. App. W.D. 1998) (both similarly finding with respect to comparable language in former versions of section 577.023); *see also Laut v. City of Arnold*, 417 S.W.3d 315, 319 (Mo. App. E.D. 2013) (citing *Samantar v. Yousuf*, 560 U.S. 305, 317 (2010) for the proposition that the "use of word 'including' generally indicates [a] non-exhaustive list").  Instead, as evinced by the statutory language, "shall include but not be limited to" in section 577.023.4, "the legislature recognized that other sources of evidence would contain sufficient indicia of reliability to establish the existence of prior convictions . . .."  *See id.*; *Graves*, 358 S.W.3d at 537 n.1, 541-42 and *Thomas*, 969 S.W.2d at 356 (both similarly finding with respect to comparable language in former versions of section 577.023); *see also Samantar*, 560 U.S. at 317; *Laut*, 417 S.W.3d at 319.

Based on the foregoing, we hold, (1) a defendant's certified driving record maintained by another state's department of revenue contains sufficient indicia of reliability to establish the existence of the defendant's prior convictions for purposes of proving his enhanced DWI status as, *inter alia,* a habitual offender; (2) it is permissible under Missouri law for the State of

7

Missouri to prove the existence of a defendant's prior intoxication-related traffic offenses by using a certified driving record maintained by another state's department of revenue; and (3) such evidence alone may establish the State's *prima facie* case and prove the existence of a defendant's prior intoxication-related traffic offenses and resulting enhanced DWI status beyond a reasonable doubt.[7,8]

**B.      Whether there is Sufficient Evidence to Support the Trial Court's Finding that Defendant was a Habitual DWI Offender at the Time he Committed his Missouri DWI in March 2017**

As previously stated, there is sufficient evidence to support enhancement of a DWI conviction to a class B felony of driving while intoxicated as a habitual offender when the State presents sufficient facts to support a finding beyond a reasonable doubt that the defendant was found guilty of "[f]ive or more intoxication-related traffic offenses committed on separate occasions . . .." *See* section 577.023.1(2); section 577.001(11)(a); *see also Craig*, 287 S.W.3d at 681.

Section 577.001(15) defines an "[i]ntoxication-related traffic offense" in relevant part as "driving while intoxicated[.]"[9] (emphasis omitted).  A defendant's prior conviction, from

_____

[7] We note our findings and holding in this section of our opinion are inconsistent with findings made by the Western District in *Ellmaker* and *Coday* indicating the only categories of evidence a State may use to make a *prima facie* case establishing a defendant's prior intoxication-related traffic offenses and his resulting enhanced DWI status are those categories of evidence specifically listed in section 577.023.4.  *See Ellmaker*, 611 S.W.3d at 325 n.3, 327-28, 329 n.11 (discussing the same version of section 577.023.4 applicable in this case); *State v. Coday*, 496 S.W.3d 572, 577-78 (Mo. App. W.D. 2016) (discussing a former version of section 577.023).  We disagree with *Ellmaker* and *Coday* in this respect based upon the principles of statutory interpretation and relevant case law discussed above.

[8] "This does not mean driving records are conclusive, irrefutable, or adequate in all cases."  *See Cordell*, 500 S.W.3d at 344, 347 n.6 (quotation omitted) (similarly finding with respect to a certified driving record maintained by the Missouri Department of Revenue).

[9] Section 577.001(15) defines an "[i]ntoxication-related traffic offense" in full as "driving while intoxicated, driving with excessive blood alcohol content, driving under the influence of alcohol or drugs in violation of a county or municipal ordinance, or an offense in which the defendant was operating a vehicle while intoxicated and another person was injured or killed in violation of any state law, county or municipal ordinance, any federal offense, or any military offense[.]" (emphasis omitted).  Because there is no evidence in the record to support a finding that Defendant's prior Colorado convictions at issue in this appeal could constitute "driving with excessive blood alcohol content, driving under the influence of alcohol or drugs in violation of a county or municipal ordinance, or an offense in which the defendant was operating a vehicle while intoxicated and another person was injured or killed in violation of any state law, county or municipal ordinance, any federal offense, or any military offense," "driving while intoxicated" is the only relevant part of the definition of "[i]ntoxication-related traffic offense" for purposes of this appeal. *See id*.

Missouri or another state, qualifies as an intoxication-related traffic offense that results in enhanced sentencing if the prior conviction "involve[s] conduct sought to be deterred at the time of the present offense." *See Cordell*, 500 S.W.3d at 344 (similarly holding with respect to a defendant's prior Missouri conviction); *see also Rigsby*, 589 S.W.3d at 667 ("to determine whether a foreign offense constitutes an intoxication-related traffic offense, 'we must determine whether the acts constituting the foreign conviction constitute the commission of [a listed] crime under Missouri law'") (bracketed alterations in original) (emphasis omitted) (quoting *State v. Coday*, 496 S.W.3d 572, 576 (Mo. App. W.D. 2016)).

As of the time the events giving rise to Defendant's Missouri DWI charge in this case occurred in March 2017, Missouri's DWI statute provided: "[a] person commits the offense of driving while intoxicated if he or she operates a vehicle while in an intoxicated condition." Section 577.010.1 RSMo 2016 (effective January 1, 2017 to August 27, 2017)[10] ("section 577.010.1" or "Missouri's DWI statute"). "[D]riving" and "operates" are defined to mean "physically driving or operating a vehicle[.]" Section 577.001(9) (emphasis omitted). Additionally, "[i]ntoxicated" and "intoxicated condition" are defined as "when a person is under the influence of alcohol, a controlled substance, or drug, or any combination thereof[.]" Section 577.001(13) (emphasis omitted). Finally, Missouri Courts have defined "[u]nder the influence of alcohol" as "any intoxication that in any manner impairs the ability of a person to operate an automobile." *State v. Donovan*, 539 S.W.3d 57, 66 (Mo. App. E.D. 2017) (quotation omitted).

Based on the above, and because the only evidence in the record supporting any prior offenses is Defendant's certified driving record maintained by the Colorado Department of Revenue (Exhibit 1), the issue in this appeal is whether that driving record showing Defendant's

---

[10] Unless otherwise indicated, all further statutory references to section 577.010 are to RSMo 2016 (effective from January 1, 2017 to August 27, 2017), because this is the version of the statute in effect at the time the events giving rise to Defendant's DWI charge in this case occurred in March 2017.

9

seven prior Colorado convictions is sufficient evidence from which the trial court could have reasonably found, (1) the existence of those convictions; and (2) that the conduct giving rise to those convictions involved physically driving or operating a vehicle while under the influence of alcohol, a controlled substance, or drug, or any combination thereof in any manner impairing the ability of Defendant to operate an automobile. *See id.*; section 577.010.1; section 577.001(9); section 577.001(13); *see also Cordell*, 500 S.W.3d at 344, 344 n.1, 344 n.3 (similarly framing the issue in that case with respect to a certified driving record maintained by the Missouri Department of Revenue and former versions of section 577.010 and 577.001).

1.      **Whether the Trial Court Could Have Reasonably Found the Existence of Defendant's Seven Prior Colorado Convictions**

First, we find Defendant's certified driving record maintained by the Colorado Department of Revenue is sufficient circumstantial evidence from which the trial court could have reasonably found the existence of Defendant's seven prior Colorado convictions. *See Cordell*, 500 S.W.3d at 344-47 (similarly finding with respect to prior convictions listed in a certified driving record maintained by the Missouri Department of Revenue). This finding is consistent with our previous holding in Section II.A. of this opinion that, *inter alia*, a defendant's certified driving record maintained by another state's department of revenue contains sufficient indicia of reliability to establish the existence of the defendant's prior convictions for purposes of proving his enhanced DWI status as, *inter alia,* a habitual offender.[11] *See* Section II.A. of this opinion.

---

[11]We note that if any of the seven prior convictions listed in Defendant's certified driving record maintained by the Colorado Department of Revenue were erroneous, "it was incumbent on [Defendant] to introduce evidence establishing that no such conviction[(s)] occurred." *See Thomas*, 969 S.W.2d at 356-57 (similarly finding with respect to a defendant's prior convictions listed in Missouri Department of Revenue records). "[Defendant], however, does not dispute the fact of his prior convictions." *See id*.

**2.** **Whether the Trial Court Could Have Reasonably Found the Conduct Giving Rise to Defendant's Seven Prior Colorado Convictions Involved Conduct Sought to be Deterred in Missouri's DWI Statute**

We now turn to whether the trial court could have reasonably found from Defendant's certified Colorado driving record that the conduct giving rise to Defendant's seven prior Colorado convictions involved conduct sought to be deterred in Missouri's DWI statute, i.e., that the conduct giving rise to Defendant's seven prior convictions involved physically driving or operating a vehicle while under the influence of alcohol, a controlled substance, or drug, or any combination thereof in any manner impairing the ability of Defendant to operate an automobile. *See* section 577.010.1; section 577.001(9); section 577.001(13); *Donovan*, 539 S.W.3d at 66; *see also Cordell*, 500 S.W.3d at 344, 344 n.1, 344 n.3.

**a.** **Defendant's Four Prior Colorado Convictions for Driving Under the Influence of Alcohol and/or Drugs**

In this case, Defendant's four prior Colorado convictions for driving under the influence of alcohol and/or drugs are as follows: (1) a June 30, 1986 conviction for events occurring on April 29, 1985 in which Defendant was not involved in an accident; (2) a January 24, 1992 conviction for events occurring on August 27, 1991 in which Defendant was not involved in an accident; (3) an August 1, 2000 conviction for events occurring on April 28, 2000 in which Defendant was involved in an accident; and (4) a July 25, 2003 conviction for events occurring on January 31, 2003 in which Defendant was not involved in an accident.

Defendant argues the trial court could not have reasonably found from Defendant's certified driving record that Defendant's Colorado convictions for driving under the influence of alcohol and/or drugs were intoxication-related offenses because they encompass acts outside of those prohibited by Missouri's DWI statute, and therefore, it is possible Defendant *might* have committed acts in Colorado (being in actual physical control of a vehicle) that are not prohibited

11

in Missouri (which only prohibits "driving" and "operating" a vehicle). *Compare Cox v. Director of Revenue*, 98 S.W.3d 548, 550 (Mo. banc 2003) (holding that although "actual physical control" used to be included as a means of committing driving while intoxicated in Missouri, the legislature has removed this phrase from the DWI statute, leaving only "driving" and "operating" as ways to commit the offense) *with People v. Swain*, 959 P.2d 426, 427-31 (Colo. banc 1998) (holding section Colo. Rev. Stat. section 42-4-1301(1) (1996 Supp.) [(formerly section 42-4-1202)] makes it unlawful for any person under the influence by the use of alcohol, drugs, or both to be in "actual physical control" of a vehicle).[12]

In support of his argument in his regard, Defendant primarily relies on the Western District's decision in *State v. Coday*, 496 S.W.3d 572. In *Coday*, the issue on appeal was whether the defendant's two prior Kansas convictions for "driving under the influence of alcohol and/or drugs" constituted intoxication-related traffic offenses under Missouri law. *Id*. at 573-79. In addition to criminalizing operating a vehicle while intoxicated, the Kansas statute under which the defendant was convicted also criminalized *attempting* to operate a vehicle while intoxicated. *Id*. at 574-76. The Western District found that because there was nothing in the record establishing the defendant was operating a vehicle during the commission of the Kansas offenses, "there was nothing in the record from which the [trial] court could have determined that the acts committed by [the defendant] during the course of the Kansas offenses were sufficient to establish" the defendant's prior convictions were intoxication-related traffic offenses under a former version of section 577.023." *Id*. at 573, 578. Based on that finding, the *Coday* Court held the State did not meet its burden of proving beyond a reasonable doubt that the defendant had

_____

[12] Defendant concedes the trial court could have reasonably found one of Defendant's four prior convictions for driving under the influence of alcohol and/or drugs qualifies as an intoxication-related offense (Defendant's August 1, 2000 conviction for events occurring on April 28, 2000). Presumably, Defendant makes such a concession because Defendant's Colorado driving record shows he was involved in an accident with respect to that offense, and therefore, the trial court could have reasonably found Defendant was driving or operating a vehicle at the time of the offense. While we agree with Defendant's suggestion that this conviction is unique and could qualify as an intoxication-related traffic offense on this independent basis, we will discuss all four of Defendant's Colorado convictions together without further acknowledgement of these circumstances for ease of reading.

two prior intoxication-related traffic offenses and the trial court erred in finding the defendant to be an enhanced, persistent DWI offender under Missouri law. *Id*. at 578-79.

We disagree with the reasoning in *Coday* indicating that when the record of a defendant's prior convictions merely shows it is possible the defendant *might* have committed acts in another state that are not prohibited by Missouri's DWI statute, the State fails to meet its burden of proving beyond a reasonable doubt that the defendant had prior intoxication-related traffic offenses and the trial court cannot reasonably find and infer a defendant committed acts prohibited by Missouri's DWI statute.[13] In making this determination, we find the Western District's decision in *State v. Ellmaker* to be partially instructive.

In *Ellmaker*, the issue was whether there was sufficient evidence to prove two of the defendant's 1993 Missouri "driving while intoxicated" convictions listed in the defendant's driver record maintained by the Missouri Department of Revenue qualified as intoxication-related traffic offenses under Missouri law. *Id.* at 324-29 (emphasis omitted). On appeal, the defendant argued the State's evidence failed to establish beyond a reasonable doubt that his conduct at the time of his prior, 1993 DWI offenses qualified as intoxication-related traffic offenses because his 1993 convictions *might have been* for conduct (being in physical control

---

[13] A situation where the record of a defendant's prior convictions merely shows it is possible the defendant *might* have committed acts in another state that are not prohibited by Missouri's DWI statute can be contrasted with circumstances where the record *conclusively shows* a defendant committed acts in another state that are not prohibited in Missouri. In the latter set of circumstances, *which are not present in this case*, we would likely hold the State failed to meet its burden of proving beyond a reasonable doubt that the defendant had prior intoxication-related traffic offenses and a trial court could not reasonably find and infer a defendant committed acts prohibited by Missouri's DWI statute. We note such a holding would be consistent with the Western District's decisions in *Rigsby* and *Gibson*. *See Rigsby*, 589 S.W.3d at 663-70 (where the record "conclusively demonstrated" the defendant had been convicted of an Illinois statute criminalizing driving or being in actual physical control of a vehicle with any amount of cannabis in his or her system without regard to physical impairment, the trial court erred in finding the conviction was an intoxication-related traffic offense under Missouri law because impairment is required under, *inter alia*, Missouri's DWI statute); *Gibson*, 122 S.W.3d at 123-30 (where the record conclusively showed the defendant had been convicted of a Kansas City municipal ordinance criminalizing being in "physical control of a motor vehicle while under the influence of alcohol," this conviction did not qualify as an intoxication-related traffic offense because conduct of merely having physical control, rather than driving or operating, was not prohibited by Missouri's DWI statute or any other offense enumerated as being an intoxication-related traffic offense in the relevant statute) (discussing former versions of Missouri's DWI statute and Missouri's statute defining "intoxication-related traffic offense"); *see also State v. Clark*, 503 S.W.3d 235, 240 (Mo. App. W.D. 2016) ("[t]o be certain . . . the evidence in *Gibson* [, 122 S.W.3d at 130] was clear that the defendant had been charged for being in 'physical control' of a vehicle while under the influence of alcohol").

rather than physically driving or operating) that would not constitute an intoxication-related traffic offense at the time of his present (2017) DWI offense. *Id*. at 326-27. The Western District disagreed, holding the State's evidence established a *prima facie* case showing the defendant's prior convictions qualified as intoxication-related traffic offenses beyond a reasonable doubt because "[a]lthough the State's evidence d[id] not entirely exclude the possibility that [the defendant] may have been convicted for conduct that no longer qualifies as an [intoxication-related traffic offense], [the Court could not say] . . . it was unreasonable for the trial court to infer that [the defendant's] past convictions for 'driving while intoxicated' were convictions for *driving* while intoxicated." *Id*. at 328-29 (emphasis in original) (quotation omitted); *see also Sallee*, 554 S.W.3d at 896-98 (similarly finding with respect Arkansas municipal court judgments showing the defendant was convicted for "driving while intoxicated"); *Cordell*, 500 S.W.3d at 344-47 (similarly finding with respect to "driving while intoxicated" convictions listed in a certified Missouri driver record).

We find the preceding reasoning in *Ellmaker* should be extended to the circumstances of this case involving a certified Colorado driver record maintained by the Colorado Department of Revenue. *See id*.; *contra Ellmaker*, 611 S.W.3d at 329 n.11 (indicating its holding should be limited to those categories of evidence specifically listed in section 577.023.4 and therefore should not apply to records from another state). This finding is consistent with, (1) our previous holdings that, *inter alia*, a defendant's certified driving record maintained by another state's department of revenue contains sufficient indicia of reliability to establish the existence of a defendant's prior convictions for purposes of proving his enhanced DWI status, and such evidence alone may establish the State's *prima facie* case and prove the existence of a defendant's prior intoxication-related traffic offenses and resulting enhanced DWI status beyond a reasonable doubt; and (2) case law providing "circumstantial evidence need not be absolutely

14

conclusive of guilt, nor must the evidence demonstrate the impossibility of innocence." *See*

Section II.A. of this opinion; *Cordell*, 500 S.W.3d at 347 (citing *Mosby*, 341 S.W.3d at 156).

Turning back to the facts of this case, our review of Defendant's certified Colorado

driving record and applicable Colorado law demonstrates that with respect to Defendant's four

convictions for driving under the influence of alcohol and/or drugs, Defendant was convicted

under a Colorado statute criminalizing either: "*driv[ing]* a[ ] vehicle" while "under the influence

of intoxicating liquor" "a[ ] controlled substance" or "any other drug"; or "*driv[ing]* a[ ] vehicle"

while "under the influence of alcohol or one or more drugs, or a combination of both alcohol and

one or more drugs."[14]  Moreover, at the time of the events underlying three of Defendant's four

convictions, applicable Colorado law defined "[d]riving under the influence" as:

> *driving* a vehicle when a person has consumed alcohol or one or more drugs, or a combination of alcohol and one or more drugs, which alcohol alone, or one or more drugs alone, or alcohol combined with one or more drugs affects [him or her] to a degree that [he or she] is substantially incapable, either mentally or physically, or both mentally and physically, to exercise clear judgment, sufficient physical control, or due care in the safe *operation* of a vehicle.[15]

(emphasis added).

---

[14] *See* Colo. Rev. Stat. section 42-4-1202(1)(a) and (1)(c)(I) (1984 Replacement Volume) (applying to Defendant's June 30, 1986 conviction for events occurring on April 29, 1985) (providing "[i]t is a misdemeanor for any person who is under the influence of intoxicating liquor to *drive any vehicle* in this state" and "[i]t is a misdemeanor for any person who is . . . under the influence of any controlled substance . . . or . . . of any other drug to a degree which renders him incapable of safely operating a vehicle to *drive a vehicle* in this state") (emphasis added); Colo. Rev. Stat. Ann. Section 42-4-1202(1)(a) (1991) (applying to Defendant's January 24, 1992 conviction for events occurring on August 27, 1991) and Colo. Rev. Stat. section 42-4-1301(1)(a) (effective January 1, 2005 to June 30, 2002 and applying to Defendant's August 1, 2000 conviction for events occurring on April 28, 2000) and Colo. Rev. Stat. section 42-4-1301(1)(a) (effective July 1, 2002 to June 30, 2004 and applying to Defendant's July 25, 2003 conviction for events occurring on January 31, 2003) (all three statutes providing "[i]t is a misdemeanor for any person who is under the influence of alcohol or one or more drugs, or a combination of both alcohol and one or more drugs, to *drive any vehicle* in this state") (emphasis added).

[15] *See* Colo. Rev. Stat. Ann. Section 42-4-1202(1)(f) (1991) (applying to Defendant's January 24, 1992 conviction for events occurring on August 27, 1991) and Colo. Rev. Stat. section 42-4-1301(1)(f) (effective January 1, 2005 to June 30, 2002 and applying to Defendant's August 1, 2000 conviction for events occurring on April 28, 2000) and Colo. Rev. Stat. section 42-4-1301(1)(f) (effective July 1, 2002 to June 30, 2004 and applying to Defendant's July 25, 2003 conviction for events occurring on January 31, 2003) (all three statutes providing the above definition for the term "[d]riving under the influence"; *see also* Colo. Rev. Stat. section 42-4-1202 (1984 Replacement Volume) (applying to Defendant's June 30, 1986 conviction for events occurring on April 29, 1985 and providing no definition for the term "[d]riving under the influence").

Based on the preceding italicized words and pursuant to the reasoning in *Ellmaker*, the trial court in this case could have reasonably found the conduct giving rise to Defendant's four Colorado convictions for driving under the influence of alcohol and/or drugs involved conduct sought to be deterred in Missouri's DWI statute, i.e., involved conduct for physically *driving* or *operating* a vehicle while under the influence of alcohol, a controlled substance, or drug, or any combination thereof in any manner impairing the ability of Defendant to *operate* an automobile. *See* section 577.010.1; section 577.001(9); section 577.001(13); *Ellmaker*, 611 S.W.3d at 328-29; *Donovan*, 539 S.W.3d at 66; *see also Sallee*, 554 S.W.3d at 896-98; *Cordell*, 500 S.W.3d at 344-47, 344 n.1, 344 n.3; *contra Ellmaker*, 611 S.W.3d at 329 n.11 (indicating its holding should be limited to those categories of evidence specifically listed in section 577.023.4 and therefore should not apply to records from another state); *Coday*, 496 S.W.3d at 577-78 (explicitly rejecting the State's argument urging such a holding).

Based on the foregoing, we find the State made a *prima facie* case that Defendant had four prior intoxication-related traffic offenses in Colorado (for driving under the influence of alcohol and/or drugs) which result in the enhancement of his Missouri DWI offense. Furthermore, because Defendant did not introduce any evidence to refute the State's evidence, the State met its burden to prove these aforementioned four prior intoxication-related traffic offenses beyond a reasonable doubt. *See Ellmaker*, 611 S.W.3d at 328-29 (similarly holding and also finding "*[p]rima facie* evidence, if not refuted, constitutes proof beyond a reasonable doubt") (quotation omitted) (emphasis added); *see also Craig*, 287 S.W.3d at 681.

b. **Defendant's Three Prior Colorado Convictions for Driving While Impaired by Alcohol and/or Drugs**

Defendant's three prior Colorado convictions for driving while impaired by alcohol and/or drugs are as follows:  (1) a February 21, 1985 conviction for events occurring on

16

December 25, 1984; (2) an April 28, 1989 conviction for events occurring on July 20, 1988; and (3) an October 15, 2001 conviction for events occurring on June 2, 2001.

With respect to these three convictions, Defendant makes a similar argument to the one discussed in the preceding subsection. Specifically, Defendant contends the trial court could not have reasonably found from Defendant's certified driving record that Defendant's three prior Colorado convictions for driving while impaired by alcohol and/or drugs were intoxication-related traffic offenses because they allegedly encompass acts outside of those prohibited by Missouri's DWI statute, and therefore, it is possible Defendant *might* have committed acts in Colorado that are not prohibited in Missouri.

Defendant primarily relies on the fact that applicable Colorado and Missouri statutes have different presumptions as to what constitutes the requisite level of impairment for the respective offenses of driving while impaired and driving while intoxicated.[16] *Compare* Colo. Rev. Stat. section 42-4-1202(2)(b) (1984 Replacement Volume) (applying to Defendant's February 21, 1985 conviction for events occurring on December 25, 1984) *and* Colo. Rev. Stat. section 42-4-1202(2)(b) (1988 Cum. Supp.) (applying to Defendant's April 28, 1989 conviction for events occurring on July 20, 1988) *and* Colo. Rev. Stat. section 42-4-1301(5)(b) (effective January 1, 1995 to June 30, 2002 and applying to Defendant's October 15, 2001 conviction for events occurring on June 2, 2001) (all providing that if a defendant's BAC was more than .05 but less than .10, "such fact shall give rise to the presumption that the defendant's ability to operate a

---

[16] Defendant also argues that under Colorado law a person can be found guilty of driving while impaired by alcohol and/or drugs when he is impaired to the "slightest degree" and this would encompass acts outside of those prohibited by Missouri's DWI statute. From this Court's review of the applicable statutes, this language is only included in the driving while impaired statute applying to one of Defendant's three driving while impaired convictions (his October 15, 2001 conviction). *Compare* Colo. Rev. Stat. section 42-4-1301(1)(g) (effective January 1, 1995 to at least 2008 and applying to Defendant's October 15, 2001 conviction for events occurring on June 2, 2001) *with* Colo. Rev. Stat. section 42-4-1202 (1984 Replacement Volume) (applying to Defendant's February 21, 1985 conviction for events occurring on December 25, 1984) *and* Colo. Rev. Stat. section 42-4-1202 (1984 Replacement Volume and 1988 Cum. Supp.) (applying to Defendant's April 28, 1989 conviction for events occurring on July 20, 1988). Nevertheless, we find this argument has no merit for reasons similar to why we find above that Defendant's primary argument asserting Colorado and Missouri law have different presumptions as to what constitutes the requisite level of impairment has no merit.

vehicle was impaired by the consumption of alcohol") *with* section 577.037.2 RSMo 2016 (effective January 1, 2017 to the present) (if a person's BAC was .08 or more, "this shall be prima facie evidence that the person was intoxicated at the time the specimen was taken" and if a person's BAC was less than .08, a DWI charge "shall be dismissed with prejudice unless one or more of [three specific] considerations cause the court to find a dismissal unwarranted").[17]

We first note that despite the above differing presumptions in Colorado and Missouri law, we are not persuaded Colorado convictions for driving while impaired by alcohol and/or drugs necessarily encompass acts outside of those prohibited by Missouri's DWI statutes. This is because, *inter alia*, "proof of a numerical measure of blood alcohol content is not essential in a DWI case." *State v. Martin,* 103 S.W.3d 255, 263 (Mo. App. W.D. 2003). Instead, "[a]ny intoxication that in any manner impairs the ability of a person to operate an automobile is sufficient to sustain a conviction of driving while intoxicated." *State v. Adams*, 163 S.W.3d 35, 37 (Mo. App. S.D. 2005); *see also State v. Schroeder*, 330 S.W.3d 468, 475 (Mo. banc 2011) ("Missouri courts have . . . recognized that a driver is in an 'intoxicated condition' for purposes of a DWI prosecution if his use of alcohol impairs his ability to operate an automobile").

Moreover, our review of Defendant's certified Colorado driving record and applicable Colorado law demonstrates that with respect to Defendant's three convictions for driving while impaired by alcohol and/or drugs, Defendant was convicted under a Colorado statute criminalizing either: "*driv[ing] a[ ] vehicle*" while "*impaired by the consumption of alcohol*" or "t*he use of any controlled substance . . . or any other drug*"; or "*driv[ing] a[ ] vehicle*" while

---

[17] The three considerations which may cause a court to find dismissal of a DWI charge is warranted are when:
  (1) There is evidence that the chemical analysis is unreliable as evidence of the defendant's intoxication at the time of the alleged violation due to the lapse of time between the alleged violation and the obtaining of the specimen;
  (2) There is evidence that the defendant was under the influence of a controlled substance, or drug, or a combination of either or both with or without alcohol; or
  (3) There is substantial evidence of intoxication from physical observations of witnesses or admissions of the defendant.
Section 577.037.2 RSMo 2016 (effective January 1, 2017 to the present).

"*impaired by alcohol or by one or more drugs, or by a combination of alcohol and one or more drugs.*"[18]  Based on the preceding italicized words and pursuant to the reasoning in *Ellmaker* discussed in detail in the previous subsection, the trial court could have reasonably found the conduct giving rise to Defendant's three Colorado convictions for driving while impaired by alcohol and/or drugs involved conduct sought to be deterred in Missouri's DWI statute, i.e., involved conduct *for physically driving or operating a vehicle while under the influence of alcohol, a controlled substance, or drug, or any combination thereof in any manner impairing the ability of Defendant to operate an automobile.  See section* 577.010.1; section 577.001(9); section 577.001(13); *Ellmaker*, 611 S.W.3d at 328-29; *Donovan*, 539 S.W.3d at 66; *see also Schroeder*, 330 S.W.3d at 475; *Sallee*, 554 S.W.3d at 896-98; *Cordell*, 500 S.W.3d at 344-47, 344 n.1, 344 n.3; *Adams*, 163 S.W.3d at 37; *contra Ellmaker*, 611 S.W.3d at 329 n.11; *Coday*, 496 S.W.3d at 577-78.

Based on the foregoing, we find the State made a *prima facie* case that Defendant had three prior intoxication-related traffic offenses in Colorado (for driving while impaired by alcohol and/or drugs) which result in the enhancement of his Missouri DWI offense. Furthermore, because Defendant did not introduce any evidence to refute the State's evidence, the State met its burden to prove these aforementioned three prior intoxication-related traffic offenses beyond a reasonable doubt.  *See Ellmaker*, 611 S.W.3d at 328-29 (similarly holding and also finding "*[p]rima facie* evidence, if not refuted, constitutes proof beyond a reasonable doubt") (quotation omitted) (emphasis added); *see also Craig*, 287 S.W.3d at 681.

---

[18] *See* Colo. Rev. Stat. section 42-4-1202(1)(b) and (d)(I) (1984 Replacement Volume) (applying to Defendant's February 21, 1985 conviction for events occurring on December 25, 1984 and to Defendant's April 28, 1989 conviction for events occurring on July 20, 1988) (providing "[i]t is a misdemeanor for any person *to drive any vehicle* in this state *while such person's ability to operate a vehicle is impaired by the consumption of alcohol*" and "[i]t is a misdemeanor for any person to *drive any vehicle* in this state *while such person's ability is impaired by the use of any controlled substance . . . or any other drug*") (emphasis added); Colo. Rev. Stat. section 42-4-1301(1)(b) (effective January 1, 1995 to at least 2008 and applying to Defendant's October 15, 2001 conviction for events occurring on June 2, 2001) (providing "[i]t is a misdemeanor for *any person who is impaired by alcohol or by one or more drugs, or by a combination of alcohol and one or more drugs, to drive any vehicle* in this state").

**3.     Conclusion as to Defendant's Sole Point on Appeal**

In conclusion, the State presented sufficient facts to support a finding beyond a reasonable doubt that defendant was found guilty of seven (more than five) intoxication-related traffic offenses committed on separate occasions.  Therefore, there is sufficient evidence to support enhancement of Defendant's DWI conviction to the class B felony of driving while intoxicated as a habitual offender.  *See* section 577.023.1(2); section 577.001(11)(a); *see also Craig*, 287 S.W.3d at 681.  Defendant's sole point on appeal is denied.

## III.     CONCLUSION

Based on the foregoing, we affirm the trial court's judgment convicting Defendant of the class B felony of driving while intoxicated as a habitual offender (Count I) and the class A misdemeanor of failing to drive on the right half of the roadway when the roadway was of sufficient width, resulting in an accident (Count II).

_____
ROBERT M. CLAYTON III, Judge

Colleen Dolan, P.J., and
Mary K. Hoff, J., concur.

20